Cheshire,
No. 4688.

KEENE *v*. ELTON W. BLOOD & a.

Argued November 5, 1958.
Decided November 28, 1958.

*Ernest L. Bell III,* city solicitor (by brief and orally), for the plaintiff.

*Howard B. Lane* for the defendants, furnished no brief.

KENISON, C. J. The first issue in the case is whether the installation of "combination units" in two of the rooms on the third floor of the premises violated section 2 A (1) of the Keene zoning ordinance. This ordinance sets up a single-residence district and provides as follows: "No third floor shall be designated or occupied as an apartment, or used for cooking or other living purposes except for sleeping rooms . . . . "

No issue was raised by the parties as to whether the use of the first and second floors violated the ordinance and no issue was raised as to whether the prior use of hot-plates and coffee percolators on the third floor constituted a violation of the zoning ordinance. This was stated by the Trial Court as follows: "The City does not claim in this action that the use made of the rooms prior to the installation of the combination units was in violation of the ordinance, but it does claim that the installation changed the rooms to apartments and that this is a violation of the [ordinance]." As already pointed out in the statement of facts the combination units consisted of a sink, electric stove and an electric refrigerator, combined together in one structural unit. None of the rooms on the third floor were connected for water or the sewer prior to the installation of the combination units. Their installation required new plumbing, water and sewage connections and special electric wiring.

The Trial Court ruled that the rooms on the third floor, after the installation of the combination units, were single rooms used

for light housekeeping, were not complete dwelling units and were not apartments. In making this ruling consideration was given to section 2 B of the ordinance which permits in a single-residence district: "Boarding house, furnished room house, or accommodations for tourists or overnight guests; provided that, if a house already contains two families, no rooms shall be rented out unfurnished or for light housekeeping."

In the absence of any definition of the terms used in the Keene zoning ordinance, it is difficult to determine when the use of furnished light housekeeping rooms stops and the use of apartments begins. *Scanlan* v. *LaCoste*, 59 Colo. 449. This is true in this case even though the facts are substantially without dispute. "Generally speaking, however, the rooming-house proprietor furnishes bedrooms or sleeping accommodations, used principally as a place to rest, sleep, for toilet and dressing. A rooming house is usually a house where bedrooms, as such, are furnished. It is not ordinarily expected that housekeeping, light or heavy, or the preparation or enjoyment of meals, will take place there, or that the room will be used to any considerable extent as a sitting room. An apartment, however, is usually looked upon as a home. It may consist of a single main room; but its term implies that housekeeping, including necessary accumulation and preparation of food, and cooking, will be conducted there." *Cedar Rapids I. Co.* v. *Commodore H. Co.*, 205 Iowa 736, 740. See also, *Evans* v. *Roth*, 356 Mo. 237; *Sitzler* v. *Lathers* (App. Div.) 229 N. Y. S. 47. However for the purposes of this case it is unnecessary to determine what constitutes an apartment.

The Keene zoning ordinance (2 A 1) not only prohibits apartments on the third floor (with an exception not in issue here) but also provides that the third floor shall not be "used for cooking or other living purposes except for sleeping rooms." The installation of the combination units provided a stove for cooking and sink and electric refrigerator for living purposes within the meaning of the ordinance. The purpose of the ordinance was more restrictive than would have been the case if the prohibition were limited to apartments. The ordinance evidences a purpose to prohibit the increase of additional facilities and to restrict increased commercial facilities in the single-residence districts. *Sullivan* v. *Investment Trust Co.*, 89 N. H. 112. Consequently, the defendant has violated this section of the ordinance even if the rooms on the third floor do not constitute apartments within the

meaning of the ordinance unless the use was permitted as a non-conforming use under section 8 of the ordinance.

The Trial Court ruled that the installation of the "combination units" in the rooms on the third floor was not an alteration "substantially different from the use to which it was put before the alteration" (RSA 31:62) within the meaning of section 8 of the zoning ordinance. Zoning regulations to be effective, both in theory and in practice, must be enacted and enforced with a view to the future needs as well as the present condition of the municipality. *Hudson* v. *Paradise,* 101 N. H. 389; *Kimball* v. *Blanchard,* 90 N. H. 298, 300. Pre-existing nonconforming uses may be "allowed to continue but not to multiply when they are harmful or improper." *Edgewood Civic Club* v. *Blaisdell,* 95 N. H. 244, 246. Since zoning by its nature restricts and regulates (RSA 31:60, 61) the use of land and buildings to specified uses, provisions which permit the expansion, extension and enlargement of nonconforming uses are generally construed strictly. 2 Rathkopf, The Law of Zoning and Planning, *c.* 62; 8 McQuillin, Municipal Corporations, (3d *ed.*) *s.* 25.183; 1 Yokley, Zoning Law and Practice, (2d *ed.*) *s.* 153; *Stone* v. *Cray,* 89 N. H. 483. Furthermore denials by zoning authorities of requests to substantially enlarge or extend nonconforming uses are usually sustained in this court. *Brady* v. *Keene,* 90 N. H. 99; *Carrick* v. *Langtry,* 99 N. H. 251; *Keene* v. *Parenteau,* 99 N. H. 415. In the light of these principles the application which the Trial Court made of section 8 of the ordinance cannot be affirmed. The installation of the "combination units" was a substantial enlargement of the former use making it different in character and changing the "sleeping rooms" to rooms "used for cooking or other living purposes" in violation of section 2 A 1 of the Keene zoning ordinance. *Keene* v. *Parenteau, supra,* 416; see *Sullivan* v. *Investment Trust Co.,* 89 N. H. 113. The contrary finding of the Trial Court is not sustainable on the record.

In view of the result reached it is unnecessary to consider the additional arguments of the plaintiff that the installation of the combination units violated section 2 B of the zoning ordinance which prohibited the renting of rooms for light housekeeping under certain conditions.

*Decree for the plaintiff.*

All concurred.