Hillsborough,
No. 4825.

EUGENE R. ACKLEY & a. v. NASHUA & a.

Argued May 3, 1960.

Decided July 19, 1960.

552

*Clancy & O'Neill* (*Mr. O'Neill* orally), for the plaintiffs.

*Leo R. Lesieur* for the defendant city of Nashua.

*Harkaway & Ryan* (*Mr. Ryan* orally), for the defendant George J. Pappademas.

KENISON, C. J. We first consider the following question transferred without ruling: "Does said Article IX, Section 45-A (5) [of the zoning ordinance of the city of Nashua] include in its meaning of the words 'variance' and 'use variance' an extension of an existing non-conforming use as applied for in this case?"

That provision of the zoning ordinance reads as follows: "Any application for a variance in the use of land or a structure shall be accompanied by the written consent of the owners (as of record at the Assessor's Office and the City Engineer's Office) of sixty (60) per cent of all real property situated within two hundred (200) feet of any of the boundaries of the lot for which the use variance is sought."

It is the general policy of zoning to carefully limit the extension and enlargement of nonconforming uses. 2 Rathkopf, The Law of Zoning and Planning, *c.* 62 (1956); 1 Yokley, Zoning Law and Practice (2d *ed.* 1953) *s.* 153; Bassett, Zoning, *p.* 109 (1940). This policy has been effectuated in this state by the strict construction of provisions and decisions which permit the expansion and enlargement of nonconforming uses. *Keene* v. *Blood,* 101 N. H. 466; *Brady* v. *Keene,* 90 N. H. 99. See *Hudson* v. *Paradise,* 101 N. H. 389. Since the extension or enlargement of a nonconforming use may be more detrimental to zoning than a variance, it has generally been held that a nonconforming use stands in no preferred position. *Vlahos Realty Co.* v. *Little Boar's Head District,* 101 N. H. 460. Consequently most decisions that have passed on the point have held that the extension or enlargement of a nonconforming use is to be treated as a variance within the provisions of zoning ordinances. *Monmouth Lumber Co.* v. *Ocean Township,* 9 N. J. 64, 77; *McMahon* v. *Board of Zoning Appeals,* 140 Conn. 433; *Amero* v. *Board of Appeal of Gloucester,* 283 Mass. 45; *Grundlehner* v. *Dangler,* 29 N. J. 256. Despite the fact that a literal interpretation of *s.* 39-E of the ordinance would seem to provide for the extension of any nonconforming use, we consider that the prohibition of *s.* 4-A and that of *s.* 9 limiting the alteration of uses and structures in C residence districts to specific uses only, operates as a limitation upon *s.* 39-E unless a variance under *s.* 45 (6) is found to be warranted. Thus extension of a nonconforming use is prohibited in the absence of permission from the board. We conclude that Article IX, *s.* 45-A (5) of the Nashua city ordinance applies to changes and extensions of nonconforming uses and structures as well as to variances and use variances. Therefore, the answer to this transferred question is yes.

The remaining question transferred without ruling reads as follows: "Under the Enabling Act R.S.A. 31:60 through 31:89, is the City of Nashua empowered to adopt an ordinance which requires the Nashua Zoning Board of Adjustment, as a condition precedent

to granting a hearing for an extension of an existing non-conforming use, to comply with the consent provisions of Article IX, Section 45-A (5)?" In *Robwood Adv. Asso.* v. *Nashua*, 102 N. H. 215, 221, the decision was by an evenly divided court, one member not sitting. Two members of the court were of the opinion that the enabling act (RSA 31:69, 71, 72) did not authorize the imposition of the consent requirements contained in Article IX, Section 45-A (5) of the Nashua zoning ordinance where a variance is sought. Since that case a majority of the full court are now of the same opinion. Inasmuch as an extension of a nonconforming use is to be treated in the same category as a variance, it likewise follows that the enabling act does not authorize the imposition of the consent requirements contained in the Nashua zoning ordinance as applied to nonconforming uses. This transferred question is therefore answered in the negative.

The action of the zoning board of adjustment of the city of Nashua stands on its own footing without regard to the consent provisions of Article IX, Section 45-A (5). See *Fortuna* v. *Zoning Board of Manchester*, 95 N. H. 211; note, Nonconforming Uses: A Rationale and An Approach, 102 U. of Pa. L. Rev. 91 (1953).

*Remanded.*

DUNCAN and LAMPRON, JJ., concurred; BLANDIN and WHEELER, JJ., dissented.

BLANDIN, J., *dissenting*: For the reasons expressed in *Robwood Adv. Asso.* v. *Nashua*, 102 N. H. 215, 218, I dissent from that portion of the opinion only which relates to the validity of the consent provisions contained in Article IX, Section 45-A (5) of the Nashua zoning ordinance. WHEELER, J., concurred in this dissent.