Cheshire,
No. 5078.

ULYSSE A. ARSENAULT & a. v. KEENE.

Argued November 8, 1962.
Decided December 28, 1962.

*Howard B. Lane* (by brief and orally), for the plaintiffs.

*Thayer Fremont-Smith,* city solicitor (by brief and orally), for the defendant.

KENISON, C. J. The plaintiffs' justification for maintaining a four-apartment building in a general residence district, which is limited to two apartments, is that this use of their property is a nonconforming use which was legalized by the literal terms of the zoning ordinance of the city of Keene when it was amended and re-enacted subsequent to 1949. The plaintiffs' contention is stated in their brief in the following language: " . . . it was the intent of the City of Keene each time it amended and re-enacted its Zoning Ordinance to forgive all past violations and everyone started with a clean slate when a new Zoning Ordinance was enacted." The defendant contends that this construction of the Keene zoning ordinance is unwarranted, would encourage and reward surreptitious violations of the ordinance, and would soon result in so many zoning exceptions as to render zoning ineffective and virtually meaningless. These opposing contentions necessitate an examination of the various zoning amendments.

At this juncture it may be noted that there is no claim before us that the plaintiffs have acquired any vested rights from the city based on estoppel, the passage of time, laches, or the fact that the permit issued to the plaintiffs to convert the first floor into two apartments was illegal. Without passing on these matters in this case, it will be observed that success on these grounds has been infrequent in this state and in most other jurisdictions. *Dumais* v. *Somersworth,* 101 N. H. 111, 115; Annot. 6 A.L.R. 2d 960. And, of course, no rights were created by the conversion of the second floor of plaintiffs' property into two apartments which was not authorized by the city or any of its officials in any manner.

The city of Keene, since its original zoning ordinance was adopted in 1926, has made periodic amendments and re-enactments in its zoning ordinances. RSA 31:64. *Brady* v. *Keene*, 90 N. H. 99; *Edgewood Civic Club* v. *Blaisdell*, 95 N. H. 244. At the time the plaintiffs purchased their property in 1949, the 1948 ordinance was in effect. Section 8 thereof contained the provision which was also present in previous zoning ordinances. The provision in part reads as follows: "This ordinance shall not apply to buildings or structures existing at the time this amended ordinance takes effect, nor to the use existing at such time in any building or structure . . . . " In the 1955 amendment to the zoning ordinance, section 8 was carried forward in the same language. In the 1957 amendment it read in part as follows: "This ordinance shall not apply to buildings or structures existing May 1955, nor to the use existing at such time in any building, or structure . . . . " The plaintiffs contend that the zoning amendments of 1955 and 1957 automatically legalized their previous violations of the ordinance.

If section 8 of the Keene zoning ordinance was the only one pertinent to this case, the plaintiffs' contention would have force. However, section 23 of the zoning ordinance contained the following statement: "The enactment of any change in the zoning ordinance shall in no way be construed as legalizing any existing violation of said zoning ordinance." This language was in the 1948 amendment to the ordinance, which was prior to the alleged violations in this case. The same provision was repeated in the amendments of 1955 and 1957. Both sections 8 and 23 of the ordinance must be read and construed as a whole. The plaintiffs contend that the two provisions are contradictory and irreconcilable and that section 8 being more specific than section 23 should prevail. While the plaintiffs apparently concede that this gives little effect to section 23, they contend that if the city of Keene wants "to hop on one foot all the time" it should be allowed to do so. While this contention is intriguing, it is contrary to the customary rule that sections of ordinances and statutes should be construed as a whole and not viewed separately in isolation.

A nonconforming use is only a use which legally exists at the date of the adoption of the zoning ordinance. Rhyne, Municipal Law, s. 32-26 (1957) defines a nonconforming use "as a property use which existed lawfully at the effective date of a zoning

ordinance, and has been continued since that time." Other authorities emphasize that a nonconforming use of land or buildings which is entitled to protection against a zoning restriction is one that was lawful when the restriction became effective and has continued to exist since that time. 8 McQuillin, Municipal Corporations (3d *ed.* rev. 1957) *s.* 25.185, p. 477; 1 Yokley, Zoning Law and Practice (2d *ed.* 1953) *s.* 148 (1962 supp.); 2 Rathkopf, The Law of Zoning and Planning (3d *ed.* 1960) ch. 58, *s. 4, p.* 58-15; 2 Metzenbaum, Law of Zoning (2d *ed.* 1955) ch. X-g.

We conclude that section 23 of the zoning ordinance modifies the provisions of section 8 and was not intended each time the zoning ordinance was amended to legalize any existing violations that previously occurred. This conclusion finds support in 8 McQuillin, Municipal Corporations (3d *ed.* rev. 1957) *s.* 25.186, *p.* 484; "Thus, where a building is constructed or a business or use commenced in violation of a zoning ordinance which is repealed by another ordinance containing the same restrictions against the building, business or use, and also containing a provision that the existing uses of all buildings which complied with ordinances then in effect should be unaffected by its provisions, the restrictions in the latter ordinance apply to such building, business or use, and it is not entitled to the legal status of a nonconforming use."

Prior decisions in this state have recognized that effective zoning regulations must be enforced with a view to future needs and that "provisions which permit the expansion, extension and enlargement of nonconforming uses are generally construed strictly." *Keene* v. *Blood,* 101 N. H. 466, 469. See also, *Hudson* v. *Paradise,* 101 N. H. 389, 392, where it was held that a use of land made in violation of a zoning ordinance may not be continued as a nonconforming use under a later revision of the ordinance. It has been the unanimous opinion of this court that "a nonconforming use stands in no preferred position" and that it is "the general policy of zoning to carefully limit the extension and enlargement of nonconforming uses." *Ackley* v. *Nashua,* 102 N. H. 551, 554.

The plaintiffs' use of their property at the time of the amendments of the Keene zoning ordinance in 1955 and 1957 did not exist lawfully and cannot be given the protection of a nonconforming use. "Provisions which except existing uses are intended to favor uses which were both existing and lawful, not to aid

users who have succeeded in evading previous restrictions." Anderson, The Nonconforming Use — A Product of Euclidian Zoning, 10 Syracuse L. Rev. 214, 218 (1959). The dismissal of the appeal by the Superior Court was proper.

*Exceptions overruled.*

All concurred.