Hillsborough,
No. 6310.

## HARRY G. FLANAGAN *v.* TOWN OF HOLLIS.

June 30, 1972.

*Leonard, Prolman, Prunier & Mazerolle (Mr. Gerald R. Prunier* orally) for the plaintiff.

*Sullivan, Gregg & Horton* and *J. Jefferson Davis (Mr. Davis* orally) for the defendant.

KENISON, C.J.   The issue presented in this case is whether a zoning ordinance of the town of Hollis may lawfully restrict plaintiff's right to take gravel from his land.

The town amended its zoning ordinance in May 1964, to provide:

"SECTION 3

GENERAL PROVISIONS

1.   The removal from any premises of more than five hundred (500) cubic yards of sand, gravel, clay, or quarried stone in any one year . . . shall be prohibited except when incidental to and in connection with the construction of

a town road or excavation for the construction of a building or except where such removal may be authorized as an exception to this ordinance by the Board of Adjustment . . . .

1A. Said removal activities in lawful operation at the time this amendment is adopted may continue unless or until abandoned for more than twelve (12) consecutive months, however, unless specifically authorized by a new permit:

    a. the depth of excavation shall not be increased below the grade of the lowest point excavated on the effective date of this amendment, and

    b. the total horizontal area of excavation within the property shall not be increased by more than twenty-five (25) percent of its area on said effective date."

The parties agree that the land, about twenty-three acres, was used as a source of gravel before the restrictions were passed in 1964, so that it is a nonconforming use. The board of adjustment after a hearing denied plaintiff's request for an exception and his subsequent motion for a rehearing. Plaintiff appealed, arguing the ordinance was unconstitutional. The Superior Court (*Dunfey,* J.) ruled that the ordinance is constitutional.

Plaintiff claims, first, that because the best use of his land is as a source for gravel, a limited natural resource, the restrictions are tantamount to a public taking without just compensation and, second, that the town must allow his nonconforming use to continue, and therefore must allow it to expand to include his entire tract.

A zoning ordinance may constitutionally prohibit the excavation of gravel and there is no public taking, unless the prohibition deprives the owner of the only use of his land. 2 Anderson, American Law of Zoning *s.* 11.64 (1968); 3 Rathkopf, The Law of Zoning and Planning 329-44 (1956), 42-52 (Supp. 1971) and cases cited therein; *see* Sax, Takings, Private Property and Public Rights, 81 Yale L.J. 149, 151-72 (1971). Although there have been no gravel cases in New Hampshire, our consistent recognition of the broad scope of zoning authority clearly supports the validity of such a restriction. *Vannah* v. *Bedford,* 111 N.H. 105, 276 A.2d 253 (1971); *Sweeney* v. *Dover,* 108 N.H. 307, 234 A.2d 521 (1967);

*Stone* v. *Cray,* 89 N.H. 483, 200 A. 517 (1938); *Sundeen* v. *Rogers,* 83 N.H. 253, 141 A. 142 (1928). See RSA 31:41-b(supp.), Laws 1971, 212:1 providing that towns have the power to make bylaws regulating land excavation for the protection of the health and safety of the public. Plaintiff does not allege, nor is there any reason for us to believe that his land has no other reasonable use except as a source of gravel.

The past use of land may create certain rights to a similar use in the future. Protection for an existing use not conforming to a later ordinance is provided both by the town, Hollis Zoning Ordinance *s.* 9, and by statute, RSA 31:62. *Mobil Oil Corp.* v. *Keene,* 112 N.H. 155, 290 A.2d 628 (1972); *R. A. Vachon & Son, Inc.* v. *Concord,* 112 N.H. 107, 289 A.2d 646 (1972). Such nonconforming uses violate the spirit of zoning, 2 Rathkopf, *supra* at ch. 62, and they should not be allowed to expand. *New London* v. *Leskiewicz,* 110 N.H. 462, 272 A.2d 856 (1970); *Arsenault* v. *Keene,* 104 N.H. 356, 187 A.2d 60 (1962); *Ackley* v. *Nashua,* 102 N.H. 551, 163 A.2d 6 (1960); *Keene* v. *Blood,* 101 N.H. 466, 146 A.2d 262 (1958); 8A McQuillin, Municipal Corporations *ss.* 25.183, 25.206 (3d ed. 1965 rev. vol.).

The nonconforming use ordinarily governed by this law is a static use, a use, such as a store, which might be continued indefinitely without expansion. A problem arises in applying this law to land used as a source of gravel, because such use consumes the land and can only continue if allowed to expand. Some courts have held that an owner using his land as a source of a diminishing natural asset has a right to expand that use to the boundaries of the tract. *Gibbons & Reed Co.* v. *North Salt Lake City,* 19 Utah 2d 329, 431 P.2d 559 (1967); *County of Du Page* v. *Elmhurst-Chicago Stone Co.,* 18 Ill. 2d 479, 165 N.E.2d 310 (1960); *McCaslin* v. *Monterey Park,* 163 Cal. App. 2d 339, 329 P.2d 522 (1958) (*Gibson,* C.J. and *Traynor,* J. dissenting); *Hawkins* v. *Talbot,* 248 Minn. 549, 80 N.W.2d 863 (1957); *Cheswick* v. *Bechman,* 352 Pa. 79, 42 A.2d 60 (1945). Other courts have held such use must be confined to the particular area already used, reasoning that to allow the prior use of one acre for excavation to entitle the owner to expand the use to include an entire hundred acre tract

would clearly defeat the purpose of zoning. *Billerica* v. *Quinn,* 320 Mass. 687, 71 N.E.2d 235 (1947); *Wayland* v. *Lee,* 325 Mass. 637, 91 N.E.2d 835 (1950); *Teuscher* v. *Zoning Board of Appeals,* 154 Conn. 650, 228 A.2d 518 (1967); *see* Annot., 10 A.L.R.3d 1226, *s.* 12(b),(c) (1966); Annot., 87 A.L.R.2d 4, *s.* 8(b) (1963).

Because the practical result of this ordinance is to restrict continuation of a nonconforming use, we hold the principles enunciated in *Lachapelle* v. *Goffstown,* 107 N.H. 485, 225 A.2d 624 (1967), to be controlling. There we held that, given a reasonable public purpose, a town may require a nonconforming use to be discontinued within a reasonable time and that there is no absolute right to continue a nonconforming use to eternity. 2 Yokely, Zoning Law and Practice *s.* 16-14 (3d ed. 1965, Supp. 1971). *See also McKinney* v. *Riley,* 105 N.H. 249, 197 A.2d 218 (1964); Annot., 22 A.L.R.3d 1134 (1968); Note, 24 U. Pitt. L. Rev. 154 (1962). We believe *Lachapelle* provides a fair and flexible accommodation between the interest of the public in eliminating a nonconforming use and the right of the landowner to continue such use. 1 Antieau, Municipal Corporation Law *s.* 7.24 (1968 ed., Supp. 1971). Here the town, rather than limit the taking of gravel to a certain period of time, limited it to an increase in area of twenty-five percent and to an increase in depth throughout the whole area to the deepest point of excavation at the time of the ordinance. On the record before us we find this to be a reasonable restriction. Callies and Quay, Zoning for Gravel Pits: Simultaneous Rehabilitation According to Plan, 4 Land-Use Controls Q. (No.1) 43 (1970); Hagman, Urban Planning and Land Development Control Law 137-38 (1971).

*Exceptions overruled.*

All concurred.