Hillsborough
No. 6351

TOWN OF AMHERST

v.

ANDRE E. CADORETTE, LORRAINE CADORETTE, & a.

January 31, 1973

*Lincoln and Edwards* (*Mr. Charles J. Lincoln* orally) for the plaintiff.

*Normand R. Pelletier* (by brief and orally) for the defendants.

GRIFFITH, J.   This is a petition for injunctive relief seeking compliance by the defendants with the Amherst zoning ordinance. The parties filed an agreed statement of facts raising two questions of law which were transferred without ruling by the Trial Court (*Dunfey,* J.) in advance of a trial on the merits.

The defendants have operated a mobile home park on the Boston Post Road in Amherst since 1957. On March 12, 1963, the town of Amherst enacted a zoning ordinance and the defendants' mobile home park became a noncon-

forming use. At the time of the passage of the ordinance the defendants' mobile home park contained twenty-eight mobile homes and preparations were underway for the installation of an additional twelve mobile homes.

On June 4, 1963, defendants applied for a permit to expand their installations to a total of sixty mobile homes. The application was denied and during a hearing on their request for a rehearing defendants amended their request to a total of forty units. This application was granted as a variance with the restriction "that no further units will be requested or added by present or any future owners of the property." On March 21, 1966, defendants applied for a permit to install ten additional units and this application was denied by the board without any motion for rehearing or appeal by the defendants.

The defendants presently have installed fifty-eight units on their property, fifty-six of which were occupied as of January 20, 1970. Various plans filed with the board of adjustment by the defendants were plotted for sixty units. The defendants assert that they always intended to install sixty units although the first notice of such an intent to the zoning board was in their application of June 4, 1963, which was amended and resulted in the restricted permit of September 9, 1963, previously referred to.

The first question transferred asks whether the plans of the defendants to erect sixty units prevented limitation of their installations to the forty units permitted in the variance allowed. This question must be answered in the negative since the mere intention, however expressed, could not create vested rights to continue expansion except in accordance with the restrictions imposed by the ordinance. *Piper v. Meredith,* 110 N.H. 291, 300, 266 A.2d 103, 109 (1970); *Bosse v. Portsmouth,* 107 N.H. 523, 532, 226 A.2d 99, 107 (1969); *Winn v. Lamoy Realty Corporation,* 100 N.H. 280, 124 A.2d 211(1956).

The second question transferred was: "Does the existence of 28 trailers on a portion of a tract of land at the time of passage of a zoning ordinance that provides 'A non-conforming use may be continued as it exists at the time this ordinance is passed . . .' confer, as a matter of law, the

right to place additional trailers on the tract without the necessity of obtaining a variance to do so, on the theory that 'pre-existing non-conforming use' is a quality of the entire tract of land as distinguished from its use or the extent of its use?"

The part of the ordinance quoted in the question is subject to several limiting stipulations including a provision that repair or alteration of a nonconforming use is permitted "provided it does not extend the area or volume of space occupied by the nonconforming use." It appears therefore that the ordinance does not contemplate extension of a nonconforming use to an area not so used at the time of the adoption of the ordinance except by variance.

The agreed facts in this case do not establish that the entire tract of the defendants was established as a trailer park prior to the adoption of the ordinance. The variance which defendants were granted in 1963 did not contemplate extension of the trailers over all of their land and specifically limited them to forty units. This case is thus distinguished from *New London v. Leskiewicz*, 110 N.H. 462, 272 A.2d 856 (1970), relied upon by the defendants where the landowners had been granted a variance to use their fourteen-acre tract as a picnic and camping park. The court in that case remanded the case to the trial court for a determination of whether "the renting of spaces by the defendants on their fourteen acre tract for tenting trailers and for camping trailers would constitute such a change in or enlargement of the use of their land for the granted use of a picnic and camping ground as to amount to the substitution of a new and different use." *Id.* at 468, 272 A.2d at 861.

We are unable to rule on the basis of the agreed statement of facts here that the defendants ever acquired a nonconforming use or variance to devote their entire tract to the nonconforming use. Instead their vested rights were restricted to the area authorized by the variance of 1963. *See* 2 Rathkopf, The Law of Zoning and Planning 60-3 (1960).

It is the general policy of zoning to carefully limit the extension and enlargement of nonconforming uses. 2 Rathkopf, *supra* ch. 62; *New London v. Leskiewicz supra; Arsenault v. Keene*, 104 N.H. 356, 187 A.2d 60 (1962); *Ackley*

*v. Nashua,* 102 N.H. 551, 163 A.2d 6 (1960); *Keene v. Blood,* 101. N.H. 446, 146 A.2d 262 (1958). In furtherance of this policy we have approved reasonable provisions for the amortization of certain nonconforming uses. *Lachapelle v. Goffstown,* 107 N.H. 485, 225 A.2d 624 (1967); Annot., 22 A.L.R.3d 1134 (1967). Recently we approved restriction by zoning of the area and depth of expansion of a gravel pit in operation at the time of adoption of the ordinance. *Flanagan v. Hollis,* 112 N.H. 222, 293 A.2d 382 (1972). Accordingly, on the basis of the agreed facts in this case, the answer to the second question transferred is in the negative. *See* Annot., 87 A.L.R.2d 4, 22 (1963).

*Remanded.*

All concurred.