Belknap
No. 78-033

L. GROSSMAN & SONS, INC.

v.

TOWN OF GILFORD

June 27, 1978

*Westcott, Millham & Dyer*, of Laconia (*Peter V. Millham* orally), for the plaintiff.

*Nighswander, Lord, Martin & KillKelley*, of Laconia (*Walter L. Mitchell* orally), for the defendant.

GRIMES, J.    The question in this case is whether plaintiff has such a vested right in the maintenance of sign as a preexisting non-conforming use as to prevent the town, under its zoning ordinance, from requiring plaintiff to remove it without compensation and substitute a much smaller sign. We hold that plaintiff has such a right.

Plaintiff appealed to the superior court from the zoning board of adjustment's denial of a variance and requested the court to rule that plaintiff has a vested right to maintain a sign at its present size and location. There was a hearing before a Master, *Leonard C. Hardwick*, Esq., resulting in a decree denying the appeal on both grounds. Plaintiff's exceptions were transferred by *Keller*, C.J.

Plaintiff is the owner and operator of a retail lumber yard and hardware store on the east side of Blaisdell Avenue in Laconia near the Gilford town line. Blaisdell Avenue runs in such a curve that it intersects Route 11 in the town of Gilford although plaintiff's store is in Laconia. Blaisdell Avenue is a short dead-end street which is not heavily traveled. Plaintiff's store which is not visible from Route 11, lies about six hundred feet from that route.

Plaintiff has owned the land on which the store is located since before 1950. It had a mill there, but discontinued this operation several years before construction of the store building in 1962. Since that building would not be visible from Route 11 plaintiff obtained a lease on land at the intersection of Blaisdell Avenue and Route 11 for the erection of a sign advertising plaintiff's location. A representative of plaintiff testified that the store would not have been built if it could not have a sign at the corner. The master found that this was an important factor in the decision to build the store.

The store was built with an investment of more than $400,000. An 8' × 12' sign was erected at the corner on the east side of Blaisdell Avenue in 1962. In 1966 the sign was moved under a permit from the town to the west side of Blaisdell Avenue on land leased from the same owner. Another sign was attached at the base of the

8′ × 12′ sign, showing the hours plaintiff is open for business. No permit was ever obtained for this additional sign, and the master stated that the plaintiff is willing to remove it. The master found that the 8′ × 12′ sign is an integral part of plaintiff's store.

In March 1976, the town amended its zoning ordinance to regulate signs within the town. The ordinance limited off-premises signs, such as that of the plaintiff, to a total area of four square feet and required that all noncomforming signs be removed within ninety days. The master found that a four-square-foot sign would be less beneficial to plaintiff than the existing sign. Plaintiff's agent testified that compliance with the ordinance would be a hardship, that plaintiff would lose business, and that plaintiff would be hurt "very much," possibly forcing him to phase out the store. The actual dollar loss, however, would be difficult to determine. The master found that the plaintiff's investment in the store is substantial as defined in *Piper v. Meredith*, 110 N.H. 291, 266 A.2d 103 (1970).

The sign is located in a commercial area and there are several on-premises signs of similar size serving the same purpose in the immediate area that conform with the ordinance. It is only because plaintiff's sign is an off-premises sign that it violates the ordinance.

On the undisputed evidence before us, we hold that plaintiff had a vested right to maintain the 8′ × 12′ sign long before the enactment of the zoning restrictions. The plaintiff's investment was certainly substantial enough to meet the requirements of *Piper* as the master found. Despite plaintiff's substantial investment, defendant contends that it can compel the plaintiff to reduce the size of the sign within ninety days as a lawful exercise of the police power in the interest of the general welfare.

In *Metzger v. Town of Brentwood*, 117 N.H. 497, 502, 374 A.2d 954, 957 (1977), we said that New Hampshire Constitution part I, article 2, which guarantees to all persons the right of acquiring, possessing, and protecting property, has been held to be so specific that it " 'necessarily limits all subsequent grants of power to deal adversely with it.' " New Hampshire Constitution part I, article 12 also grants the right of every member of the community to be protected in the enjoyment of his property, and this property shall not be taken from him without just compensation. *Robbins Auto Parts, Inc. v. City of Laconia*, 117 N.H. 235, 371 A.2d 1167 (1977).

These two constitutional provisions are limitations upon the so-called police power of the State and subdivisions thereof, and nul-

lify arbitrary legislation passed under the guise of that power. If the restriction of a private right is oppressive, while the public welfare is enhanced only in slight degree, it is void. *State v. Paille*, 90 N.H. 347, 9 A.2d 663 (1939); *Metzger v. Town of Brentwood*, 117 N.H. 497, 374 A.2d 954 (1977). The police power is not therefore without limitations. *Robbins Auto Parts, Inc. v. City of Laconia supra.* Whatever the law may be elsewhere or whatever commentators may espouse as to what the law should be, in our State the specific guarantees of our constitution and this court stand as a barrier to the arbitrary and unreasonable exercise of that power. *Metzger v. Town of Brentwood supra.*

We must look then to the circumstances of this case to determine whether it is a reasonable exercise of the police power for the town to compel plaintiff to reduce the size of the sign. The nonconforming use here in question is a static use and as such might be continued indefinitely without expansion. *Flanagan v. Town of Hollis*, 112 N.H. 222, 293 A.2d 328 (1972). Expansion therefore is not a problem. This court in *Lachapelle v. Town of Goffstown*, 107 N.H. 485, 225 A.2d 624 (1967) upheld the right of the town to terminate within a year a nonconforming use of land as an automobile junkyard in a residential area. In doing so, it followed the lead of *McKinney v. Riley*, 105 N.H. 249, 197 A.2d 218 (1964), also a junkyard case. In *McKinney*, the court held that provisions requiring termination of nonconforming uses within a specified time were not prima facie unconstitutional, at least when on balance the public benefit outweighed the private injury and the time allowed was reasonable.

The sign in question here is located in a commercial area among several other signs of similar size and nature. A reduction in the size of the sign would have no appreciable effect on the neighborhood. Its existence in no way diminishes the value of other property. It is not a health or safety hazard. No fumes, smoke, or noise is generated by the sign to the detriment of the neighborhood. The case thus differs greatly from both *McKinney* and *Lachapelle.* The benefit to the public by the reduction in size of this sign in this location is slight, if any. The injury to the private right of the plaintiff, however, is great. The sign is an integral part of a store in which the plaintiff has invested over $400,000. The injury to plaintiff's business by reducing the size of the sign, although difficult to determine in actual dollars, would be substantial.

We hold that the ordinance is unconstitutional as applied to the plaintiff's sign and that even under the rule of *McKinney* and

*Lachapelle,* the nonconforming use in this case is not one that can be terminated without just compensation. *See, e.g.,* RSA 249-A:11.

*Exceptions sustained.*

BROCK, J., did not sit; LAMPRON, J., concurred in the result; the others concurred.