Cheshire
No. 81-116

RICHARD LOUNDSBURY *& a.*

v.

CITY OF Keene

December 10, 1982

*Winograd Professional Association*, of Concord (*I. Michael Winograd* on the brief and orally), for the plaintiffs.

*Charles H. Morang*, city attorney, by brief and orally, for the defendant.

BOIS, J. This is an interlocutory transfer without ruling from the Superior Court (*Pappagianis*, J.). The parties have stipulated that the only question for our determination is the following:

> "Whether the plaintiffs have a vested right in the maintenance of their signs so as to prevent the defendant, City of Keene, under its sign ordinance, from requiring the plaintiffs to remove their signs without payment of compensation."

While we remand for further factual findings, we set forth in this opinion the principles necessary to a determination of the above question.

In December 1970, the Keene City Council adopted a sign ordinance which established various requirements for the erection and maintenance of outdoor signs. In 1976, the city council amended the 1970 ordinance and set up an amortization period after which compliance with the sign ordinance was mandated. With respect to signs not complying with the 1970 ordinance, the council required compliance by November 30, 1977. As for signs which complied with the 1970 ordinance, but which did not comply with the 1976 amendments, the council required compliance by 1981.

The plaintiffs are owners of commercial real estate in the city of Keene. Prior to 1970, each plaintiff erected on its respective premises an outdoor sign advertising its business. These signs do not conform with the 1970 Keene sign ordinance and its 1976 amendments. The defendant city claims that the signs are aesthetically undesirable and seeks to force the removal of the signs without providing compensation to the owners. The parties have agreed that, with the possible exception of the sign owned by the plaintiff Bullard & Shedd, Inc., none of the signs constitutes a health or safety hazard. The parties have further stipulated that none of the signs generates fumes, smoke, or noise detrimental to the neighborhood. Finally, the plaintiffs have agreed not to expand the physical size of their respective signs.

■■ The plaintiffs base their first argument on the doctrine of collateral estoppel. This doctrine precludes the relitigation of an issue of fact which has been fully and fairly litigated between the same parties or their privies. *State v. Hastings*, 121 N.H. 465, 467,

430 A.2d 1131, 1132 (1981). The doctrine applies in some cases even if only one of the original parties is present in the subsequent suit. *See Cutter v. Town of Durham*, 120 N.H. 110, 111, 411 A.2d 1120, 1121 (1980); *see also Allen v. McCurry*, 449 U.S. 90, 94–95 (1980); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326–28 (1979). The plaintiffs contend that the superior court's unappealed ruling in *Keene Cooperative Bank v. City of Keene*, No. 14218 (November 24, 1981), precludes the defendant from arguing that it has the power to force the removal of signs for aesthetic reasons without providing compensation.

■ We reject the plaintiffs' contention. In *Keene Cooperative Bank*, the issue was whether a bank had a vested right to maintain a sign which the trial court found to be neither a safety hazard nor aesthetically undesirable. In the instant case the issue is whether the plaintiffs have a vested right to maintain signs which might conceivably be found aesthetically undesirable. Because the issues in these cases are not identical, we hold that the doctrine of collateral estoppel is inapplicable.

A determination as to whether the plaintiffs have a vested right in their signs necessarily depends upon the specific facts of this case, many of which have not yet been established. Nevertheless, despite the incompleteness of the record due to the interlocutory status of the case, we will attempt to provide some guidance to the parties on the issue presented.

■■ Although a town generally has the authority under its police power to enact zoning and other related laws in the interest of the general welfare, this authority is not unlimited. *Metzger v. Town of Brentwood*, 117 N.H. 497, 502, 374 A.2d 954, 957 (1977); *see L. Grossman & Sons, Inc. v. Town of Gilford*, 118 N.H. 480, 482–83, 387 A.2d 1178, 1180 (1978). Certainly, a town may proscribe harmful property-related activity without providing compensation. *See Burrows v. City of Keene*, 121 N.H. 590, 598, 432 A.2d 15, 19 (1981); *Sibson v. State*, 115 N.H. 124, 130, 336 A.2d 239, 243 (1975), *overruled in part*, 121 N.H. 590, 601, 432 A.2d 15, 21 (1981). *See generally* Stever, *Land Use Controls, Takings, and the Police Power—A Discussion of the Myth*, 15 N.H.B.J. 149, 166–69 (1974).

■■ The State Constitution provides that all persons have the right of acquiring, possessing and protecting property. N.H. CONST. pt. I, arts. 2, 12. These provisions also apply to nonconforming uses. *Town of Hampton v. Brust*, 122 N.H. 463, 468, 446 A.2d 458, 460 (1982). As a result, we have held that a past use of land may create vested rights to a similar future use, so that a town may not unreasonably require the discontinuance of a nonconforming use.

*See L. Grossman & Sons, Inc. v. Town of Gilford*, 118 N.H. at 483, 387 A.2d at 1180; *Flanagan v. Hollis*, 112 N.H. 222, 225, 293 A.2d 328, 329–30 (1972); *Lachapelle v. Goffstown*, 107 N.H. 485, 487, 225 A.2d 624, 626 (1967).

■■ A provision requiring the discontinuance of a non-conforming use will be deemed unreasonable if no public purpose supports it, *see Flanagan v. Hollis*, 112 N.H. at 225, 293 A.2d at 330; *cf. State v. Paille*, 90 N.H. 347, 352, 9 A.2d 663, 666 (1939), or if the amortization period is inadequate. *See Lachapelle v. Goffstown*, 107 N.H. at 487–88, 225 A.2d at 626. Additionally, even when a valid public purpose exists, the application of a zoning provision which is not directed at harmful activity and which substantially deprives an owner of the use of his land constitutes a "taking" requiring the payment of just compensation. *Burrows v. City of Keene*, 121 N.H. at 597–98, 432 A.2d at 20; *Sundell v. Town of New London*, 119 N.H. 839, 845, 409 A.2d 1315, 1318 (1979).

In *L. Grossman & Sons, Inc. v. Town of Gilford*, 118 N.H. 480, 387 A.2d 1178 (1978), a town attempted to force the removal of a sign which did not create health or safety hazards, did not constitute a nuisance, and did not otherwise appreciably affect the neighborhood. *Id.* at 483, 387 A.2d at 1180. The town claimed it had a right under a local ordinance to take this action without providing just compensation. This court, however, concluded that such action was unreasonable. While assuming that a reasonable public purpose supported the regulation, we held that the ordinance was unconstitutional as applied to the plaintiff therein and that the town could not terminate the inoffensive nonconforming use without providing just compensation. *Id.* at 483–84, 387 A.2d at 1180.

■ As noted above, the parties in the instant case have agreed that the signs of all but one of the plaintiffs constitute neither nuisances nor health and safety hazards. The plaintiffs have expressly stated that they will not expand the size of their signs. Thus, if the trial court finds that the signs are not otherwise harmful the Keene sign ordinance must be found unconstitutional as applied to the owners of the non-hazardous signs. *See id.*, 387 A.2d at 1180.

■ If the trial court finds that a reasonable public purpose for the ordinance in fact exists, then the city may require compliance with the ordinance, but the proposed action would result in a "taking", and the city would have to provide just compensation to

the plaintiff owners. *L. Grossman & Sons, Inc. v. Town of Gilford,* 118 N.H. at 483–84, 387 A.2d at 1180; *see Land/Vest Props. Inc. v. Town of Plainfield,* 117 N.H. 817, 822, 379 A.2d 200, 204 (1977).

*Remanded.*

All concurred.