Rockingham,
No. 5760.

STATE

*v.*

ROBERT L. DEAN.

Argued November 6, 1968.
Decided December 31, 1968.

*Soule & Leslie (Mr. Lewis F. Soule* orally), for the State of
New Hampshire.

*Shaw & Eldredge (Mr. Robert Shaw* orally), for the defendant.

GRIMES, J. This case was tried in the district court of Derry
on a complaint charging the defendant with a violation of section
III 3.1 of the zoning ordinance of the town of Chester. Defend-
ant was found guilty and appealed to the Superior Court. The
case was transferred here by *Bownes,* J.

The defendant owns about 28 acres of land with a frontage
of 223 feet on the southerly side of Hanson Road in Chester.
On August 26, 1966 he and his family occupied a mobile home
located on his land about 150 feet from the road. Without
obtaining a variance the defendant on about that date placed
a second mobile home 50' x 10' on the premises about 200

feet from the road. There was no evidence that the second mobile home was or is occupied.

The Chester zoning ordinance establishes two districts, Zone A a general agricultural and residential district, and Zone B a recreational and camp zone. In Zone A it is required by section III 3.1 that lots contain a minimum of 37,500 sq. feet with no major dimension less than 150 feet. It is also provided that no more than one residential building shall be located on a lot and that each lot must front upon an approved street.

Defendant claims that the zoning ordinance is invalid because the entire town is classified as residential with no valid provision for commercial or industrial use. Section II 2.2 of the ordinance states: "Although specific areas are not set aside for business, industry, etc. the establishment of such enterprises that can be shown to be an asset to the town is encouraged. Application for such non-conforming uses shall be made to the board of adjustment who may take action to approve or disapprove the application, or if they consider the proposed use of sufficient magnitude or interest to the community they shall hold public hearings or bring it before the people of the town at a Town Meeting. Notices of the public hearings or Town Meeting shall be made as prescribed by law."

Defendant contends that it would be illegal to exclude all uses except residential and that section II 2.2 does not provide reasonable criteria for determining what industries are to be permitted and is therefore void for vagueness.

We need not decide whether a zoning ordinance may under some circumstances bar all but residential uses from an entire town (*Duffcon Concrete Products* v. *Cresskill,* 1 N. J. 509; *Vickers* v. *Township Committee of Gloucester,* 37 N. J. 232; *Fanale* v. *Hasbrouck Heights,* 26 N. J. 320; Annot. 9 A. L. R. 2d 683), for we are of the opinion that section II 2.2 provides for business uses and is not void for vagueness when considered with section V 5.1 which prohibits "any business or industry which would be seriously detrimental or offensive to owners of adjoining property or to the Town or would tend to radically reduce property values of adjoining or other property." *Rockingham Hotel Co.* v. *North Hampton,* 101 N. H. 441; *Deering* v. *Tibbetts,* 105 N. H. 481. *Cf. Fernald* v. *Bassett,* 107 N. H. 282.

Defendant further contends that the ordinance is invalid as it applies to him because since he has only 223 feet of frontage

for his 28 acres he is limited to only one residence thus depriving him unreasonably of the use of his property. As the State points out, however, he may utilize the bulk of his property by constructing streets on his land which when accepted will provide the required frontage. The ordinance also provides for variances. Section VII.

We reject the defendant's contention that since there is no showing that the second mobile home is occupied as a residence, it cannot constitute a violation of the provision that "not more than one residential building shall be located on a lot." Section III 3.1.6. The ordinance provides that "house trailers and mobile homes shall be considered as buildings." A "mobile home" as its name implies is usable as a residence and is therefore a "residential building" within the meaning of the statute whether or not it is actually occupied.

*Remanded.*

All concurred.