RICHARD T. DOLAN & another *vs.* BOARD OF APPEALS OF CHATHAM.

Barnstable. May 5, 1971. — June 21, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, QUIRICO, & BRAUCHER, JJ.

*Subdivision Control. Easement. Way,* Way open to public. *Zoning,* Frontage.

The approval and recording of a subdivision plan of land by the planning board of a town under G. L. c. 41, §§ 81K–81GG, did not give the owners of land which was not within the subdivision any rights to use a way in the subdivision on which the land had frontage, and such frontage did not qualify as "frontage" on a way under the zoning by-law of the town.

BILL IN EQUITY filed in the Superior Court on October 14, 1969.

The suit was heard by *Kalus,* J.

*Calvin P. Bartlett (Rya W. Featherston* with him) for the defendant.

*Joseph E. Rodgers (Richard T. Dolan* with him) for the plaintiffs.

SPALDING, J. This is a bill in equity under G. L. c. 40A, § 21, by way of appeal from a decision of the board of appeals of the town of Chatham. The judge made voluntary findings of material facts and the evidence is reported.

Facts found by the judge and by us are as follows. The plaintiffs, husband and wife, are owners of a parcel of land in Chatham (locus). In 1968, they applied for and obtained a building permit for construction of a summer cottage on the locus. Under the permit they went forward with the construction to a substantial degree. Three months later the permit was suspended by the building inspector and his decision was later unanimously upheld by the board of appeals of Chatham (board). Section VIIA of the protective by-law for the town provides that no dwelling structure can be erected upon a locus the size of the plaintiffs' unless

it has 100 feet of frontage. Under this section "[l]ot front-age is to be measured along the boundary line of a way, public and/or private, on which the lot abuts. (A way shall be deemed to be any way serving more than one lot.)" The only issue in this case is whether the locus on which the plaintiffs have partially built has the required 100 foot frontage.

The northerly boundary of the locus abuts Long's Lane, a "Town Road," for a distance of about twenty-nine feet and abuts Sea Shell Drive (Drive) a "Private Road" or "Way" which continues from the point at which Long's Lane ends, for a distance of about ninety-eight feet. The board concluded that the lot lacked the necessary 100 foot frontage because the plaintiffs had no right to use Sea Shell Drive, saying "Seashell Drive is a private road, owned, laid-out, maintained and controlled by a private individual or individuals, and has never been accepted as a public road by the Voters of the Town of Chatham." The board further found that the owners of Sea Shell Drive had never conveyed any interest in it to the plaintiffs, and therefore the plaintiffs had no rights whatsoever to make use of the Drive. The board concluded by affirming the suspension of the building permit.

The judge, in reversing the board's decision, noted that it rested exclusively on the premise that the plaintiffs had absolutely no right to make use of Sea Shell Drive. The judge disagreed with this premise on the basis that the Drive was made public enough to give the plaintiffs use of it when it was approved as a "private way"[1] by the Chatham planning board as a part of a subdivision plan in 1958. He therefore ordered the building inspector to reinstate the building permit. From a decree in accordance with this order the board appealed.

The case has been presented on the footing that the plaintiffs must have the right to use Sea Shell Drive in order to meet the 100 foot frontage requirement. The only three

_____

[1] That there are classes of "private ways" that are open to free public use is not disputed. See *Opinion of the Justices*, 313 Mass. 779, 781–783.

methods by which one can acquire the right to pass over
private land are: adverse user; grant; or act of public au-
thority. No contention is made that the plaintiffs have
acquired any rights to use Sea Shell Drive by either adverse
use or grant. Their right to use of the Drive must therefore
rest, if at all, in some act by public authority. The only
such act relied on by the judge as the basis for his decision
is the fact that "Sea Shell Drive was laid out in 1958 as
part of a subdivision approved and recorded by the Chatham
Planning Board and Town Clerk," under G. L. c. 41, §§ 81K–
81GG (the Subdivision Control Law).

We are of opinion that such an act is insufficient to give
the plaintiffs any rights to use Sea Shell Drive and the decree
of the court below was therefore erroneous. The principal
purpose of the Subdivision Control Law is to protect the
health and welfare of the community "by regulating the
laying out and construction of ways in subdivisions provid-
ing access to the several lots *therein,* but which have not
become public ways, and ensuring sanitary conditions in
subdivisions and in proper cases parks and open areas"
(emphasis supplied). § 81M. The Subdivision Control Law
may thus be exercised only when new ways required to serve
the subdivided lots themselves are required. The suggestion
that the planning board's approval of the way under the
statute vests some rights to use it in the plaintiffs whose
lot was *not* within the subdivision finds no support in the
statute, whose principal object is to ensure sufficient access
to the lots *within* the subdivision and to provide them with
municipal services. *Daley Constr. Co. Inc.* v. *Planning Bd.
of Randolph,* 340 Mass. 149. 1953 House Doc. No. 2249.
Such subdivision plans as the one here in question indicate
no more than that the ways shown adequately ensure that
the lots within the subdivision are sufficiently accessible so
that they can be provided with municipal and other services.
Contrary to the judge's ruling, the Subdivision Control Law
provides no authorization or implication that such approval
vests any interest in these ways in the public. See §§ 81Q
and 81DD. The mere recording of a development plan is

insufficient to dedicate to the public a way shown on the plan. *Uliasz* v. *Gillette*, 357 Mass. 96, 103–104.

We have considered all the arguments advanced by the plaintiffs and have dealt with such of them as require discussion.

Inasmuch as the plaintiffs, acting under a building permit issued by the town, went ahead with construction to a substantial extent prior to its suspension, the case presents a hardship. The final decree is reversed and a decree is to be entered stating that the decision of the board did not exceed its authority and no modification of its decision is required. But because of the aforementioned hardship the entry of the final decree is to be stayed for a period of ninety days in order to give the parties an opportunity to effect a possible solution.

*So ordered.*