Rockingham
No. 7590

JAMES M. METZGER & a.

v.

TOWN OF BRENTWOOD

June 7, 1977

498

*Perkins, Holland, Donovan & Beckett,* of Exeter (*Mr. William H. M. Beckett* orally), for the plaintiff.

*Kearns & Colliander,* of Exeter (*Mr. Peter F. Kearns* orally), for the defendant.

GRIMES, J.   This case was here before, at which time it was held that Haigh Road, on which plaintiffs' land fronts, and which was closed subject to gates and bars, was not a "public right of way" as that term was used in the Brentwood zoning ordinance. Plaintiffs therefore did not have the required two hundred feet frontage as required by the ordinance for a building permit. *Metzger v. Brentwood,* 115 N.H. 287, 343 A.2d 24 (1975).

Because the trial court in the prior case had decided in favor of the plaintiffs, certain issues had not been raised, among them being whether the ordinance as applied to plaintiffs is unconstitutional and results in a taking of their property. On rehearing, the matter was remanded to the trial court for answers to three questions summarized as follows:

(1) At the time of purchase did plaintiffs have actual or constructive notice that they could not build a residence on their land under the ordinance?

(2) Does the ordinance promote public health, safety and general welfare?

(3) Do the procedures for laying out a highway under RSA 234:18-a afford a feasible alternative to plaintiffs?

After taking evidence the trial court found that plaintiffs had actual notice that "they might be prohibited . . . from obtaining a permit." It was also found that the ordinance does promote the public health, safety and general welfare and that procedures under RSA 234:18-a can afford a feasible alternative to plaintiffs. Plaintiffs' exceptions were transferred by *Loughlin,* J.

What was not made clear to us when the case was here before is that not all of Haigh Road has been closed subject to gates and bars. The first 255 feet running north from South Road is still an open highway which qualifies as a "public right of way" under the ordinance. Of plaintiffs' 558 feet frontage on Haigh Road, 123 feet is on that part which qualifies under the ordinance. Therefore the statement of the board of adjustment that the applicant has "no frontage as contemplated within the ordinance" does not really comport with the facts.

The first 255 feet of Haigh Road is solid and passable and most of it is kept open during the winter to accommodate the homes on the two corners which front on South Road but have driveways running off Haigh Road.

The closing of Haigh Road subject to gates and bars was part of a plan to relieve the town from liability to maintain roads thought not fit for travel. As stated by counsel for the defendant the scheme is to devise a method of reopening such roads with no expense to the town by requiring abutters to pay such expense as a condition for being allowed to build. Thus although plaintiffs need only 200 feet of frontage to qualify under the zoning ordinance, it appears that they would be required to improve Haigh Road for the entire 558 feet of their frontage as a condition of affirmative action by the town under RSA 234:18-a. The reason for this requirement is to make accessible the next adjoining land to the north without expense to the town. By this plan the older residents who have had the roads along the frontage of their property built and maintained at public expense would be relieved of any burden of sharing in the cost of improving and maintaining the roads which may be needed by others.

If the road were "reopened" subject to gates and bars under RSA 234:18-a there would be no obligation on the part of the town to maintain the road after it was built at the expense of the plaintiffs although the taxes received by the town from the plain-

tiffs' property would be available for the maintenance of the existing roads serving the older residents.

■■ The finding that plaintiffs had notice that they "might" be prohibited from building when they purchased their land does not bar them from challenging the constitutionality of the ordinance as applied to their land. The self-created hardship principle applicable to variances does not fully apply when the validity of the ordinance is questioned, and a property owner is not barred from challenging the validity of an ordinance as applied to his property even though he acquired it after the ordinance was enacted. R. Anderson, American Law of Zoning, § 3.34 (2d ed. 1976); *see* Annot., 17 A.L.R.3d 743 (1968). Although there are some exceptions to this rule none are applicable under the circumstances of this case. The ruling of the trial court in plaintiffs' favor and the difficulties encountered in this court relative to the status of Haigh Road under the ordinance convinces us that plaintiffs should not be precluded from raising the validity of the 200-foot requirement as applied to their land.

■ Although the trial court found that the zoning ordinance which prohibits plaintiffs from building on their property promotes public health, safety and the general welfare, this does not end the matter. The real question is whether, even assuming that the ordinance does generally promote these public interests, it is nevertheless arbitrary and unreasonable as applied to the plaintiffs' land. The determination of this question requires a balancing of the injury or loss to the landowner against the gain to the public.

The provision of the ordinance which prevents plaintiffs from building a residence on their property is the requirement that there be at least 200 feet of frontage on a "public right of way." Plaintiffs have only 123 feet on such a way with an additional 435 feet on that part of the way which is closed subject to gates and bars but over which the public may still pass. Plaintiffs' land consists of about eight acres and they have constructed a one-acre pond on it. If they were able to build on their property the testimony was that their driveway would be about thirty feet north of their southerly bound which would put it well within that part of Haigh Road which meets the requirement of the ordinance. It is obvious that the impact of the 200-foot frontage requirement on plaintiffs and their land is great.

According to the evidence, if plaintiffs had 200 feet of frontage on a public way, there would be no restriction on how far back they could build their house or how long a driveway they had. Usually frontage requirements can be justified on the basis that they are a method of determining lot size to prevent overcrowding. In the case before us, however, the size of plaintiffs' lot far exceeds the frontage requirement and the 200-foot frontage requirement is not necessary to accomplish that end.

The trial court referred to testimony of one of the defendant's selectmen who stated that the reason for prohibiting building on roads closed subject to gates and bars, even if people were willing to live on them without town maintenance, was that there must be access for fire trucks, police cars, ambulances and school busses. However, there is no substantial relationship between these needs and the 200-foot frontage requirement. These vehicles would have as ready access to plaintiffs' house with the 123-foot frontage as they would with 200 feet of frontage provided plaintiffs' driveway is within the 123 feet which has not been closed.

The police power has been given wide range in prior decisions of this court, but it is not unlimited. *Robbins Auto Parts, Inc. v. City of Laconia,* 117 N.H. 235, 371 A.2d 1167 (1977). The interest of citizens in their private property must also be respected and protected from unreasonable restrictions which deprive them of the reasonable use of their land. N.H. Const. pt. I, art. 2 guarantees to all persons the right of acquiring, possessing and protecting property. This guarantee in the bill of rights has been held to be so specific that it "necessarily limits all subsequent grants of power to deal adversely with it." *Woolf v. Fuller,* 87 N.H. 64, 174 A. 193 (1934). The police power and the right to private property must be " 'considered together as interdependent, the one qualifying and limiting the other.' " *Id.* at 68, 174 A. at 196. Over one hundred years ago this court held that the term "property" refers to the right of any person to possess, use, enjoy and dispose of a thing and is not limited to the thing itself. It follows that any unreasonable interference with any one of these rights constitutes a taking even though physical possession remains in the owner. *Eaton v. B.C. & M.R.R.,* 51 N.H. 504, 511 (1872). It is a fundamental personal right which is involved here. *See Lynch v. Household Finance Corp.,* 405 U.S. 538, 552 (1972); *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393 (1922).

■ This is not to say that there cannot be reasonable regulation under the police power. It is to say however that the restrictions and regulations cannot be unreasonable. *Woolf v. Fuller,* 87 N.H. 64, 174 A. 193 (1934). When the restriction as applied to a particular piece of land is unnecessary to accomplish a legitimate public purpose or the gain to the public is slight but the harm to the citizen and his property is great, the exercise of the police power becomes arbitrary and unreasonable and this court will afford relief under the constitution of this state. *Richardson v. Beattie,* 98 N.H. 71, 95 A.2d 122 (1953) ; *Woolf v. Fuller supra.* *See also LaSalle Nat'l Bank v. City of Chicago,* 5 Ill. 2d 344, 125 N.E.2d 609 (1955); R. Anderson, American Law of Zoning § 3.23 (2d ed. 1976). This is such a case. Here so long as the driveway leads from the qualifying part of the road, access to any residence plaintiffs may build upon this property is unaffected by the fact that they have 123 feet on a qualifying road instead of 200 feet. We hold, therefore, that the ordinance is unconstitutional as applied to plaintiffs' land in question.

■ Defendant argues that the closing of Haigh Road is the action of which plaintiffs complain and that the time for appealing the discontinuance and seeking damages for that action has expired. We reject this argument, however, because it is not the closing of the road but rather the zoning ordinance which purports to prevent plaintiffs from building.

No different result is required by *Trottier v. Lebanon,* 117 N.H. 148, 370 A.2d 275 (1977), because there plaintiff had no frontage on a "street," nor by *KBW, Inc. v. Bennington,* 115 N.H. 392, 342 A.2d 653 (1975) which, unlike this case, involved a subdivision. Neither is *Sibson v. State,* 115 N.H. 124, 336 A.2d 239 (1975), controlling. There the excuse for upholding the restriction was that the prohibited activities would harm the public. No such situation exists in this case. The building of a single family residence on plaintiffs' land would cause harm to no one. Moreover, *Sibson* recognized that the validity of a regulation is determined by balancing the importance of the public benefit against the seriousness of the restriction on private rights. We hold that in this case, the balance tips in favor of the private right.

*Exceptions sustained.*

KENISON, C.J., and LAMPRON, J., dissented; the others concurred.

LAMPRON, J., dissenting:

It cannot be contested that the town of Brentwood is empowered to regulate by means of a zoning ordinance the use of the lands and buildings therein to promote the health, safety and general welfare of the community. RSA 31:60; *Metzger v. Brentwood,* 115 N.H. 287, 343 A.2d 24 (1975). The majority opinion cannot deny that the town's ordinance can constitutionally require that a single family dwelling in a residential-agricultural district must be built on a lot which has at least 200 feet frontage on a public right of way. *State v. Dean,* 109 N.H. 245, 248 A.2d 707 (1968). Although plaintiffs' lot has a frontage of 580 feet on Haigh Road, it is a fact that it does not have 200 feet frontage on that part of Haigh Road which is a public right of way as required by the ordinance.

Zoning by its nature restricts and regulates the use of land, and it is inevitable that a zoning regulation permitting certain uses of land and proscribing others will adversely affect individual rights in some cases. *See Lachapelle v. Goffstown,* 107 N.H. 485, 489, 225 A.2d 624, 627 (1967). It is true that in order to build a single family dwelling on their land in compliance with the terms of the ordinance, plaintiffs would have to petition the town under RSA 234:18-a, :19 to lay out a highway in front of their property with ensuing expenses to them. *See KBW, Inc. v. Bennington,* 115 N.H. 392, 342 A.2d 653 (1975). Whether plaintiffs follow this course or not, the record will not permit a conclusion that plaintiffs' land has been rendered worthless and useless by the requirements of the ordinance thus constituting its unconstitutional taking. *Sibson v. State,* 115 N.H. 124, 336 A.2d 239 (1975).

KENISON, C.J., concurs in this dissent.