I. Louise MacNeil vs. Town of Avon & another.

Norfolk.  March 10, 1981. — July 1, 1981.

Present: Grant, Cutter, & Brown, JJ.

*Zoning*, Validity.  *Constitutional Law*, Zoning, Police power.

A 200-foot frontage requirement for a special permit to build multiple
dwelling units was invalid as applied to a parcel of land having 190
feet of frontage where the parcel's frontage was sufficient to provide
for access and safety, the location and character of the property made
it well suited for building, and the area of the parcel was more than
adequate to meet the requirements of the zoning ordinance.  [180-183]

Civil action commenced in the Land Court Department
on March 16, 1979.

The case was heard by *Sullivan*, J.

The case was submitted on briefs.

*John H. Flood*, Town Counsel, for the town of Avon.

*Robert W. Huffhines, Jr.*, for the plaintiff.

Brown, J.  By this action brought in the Land Court pur-
suant to G. L. c. 240, § 14A, and G. L. c. 185, § 1 (j ½),
the plaintiff attacks the validity of the 200-foot frontage re-
quirement for a special permit as applied to the peculiar
configuration of her particular parcel.

The plaintiff is the owner of an inverted "L" shaped par-
cel of land located in the town of Avon.  The parcel has an
area of approximately 137,000 square feet (3.2 acres) and a
frontage of 190 feet on a public way.  In the Residence A
District in which the locus is situated, the zoning by-law
permits certain uses as of right if the minumum lot area is
25,000 square feet and the minimum lot frontage is 150 feet.
However, for the use desired by the plaintiff (i.e., multiple
dwelling units in excess of two), the by-law provides that
the planning board may grant a special permit if certain re-

quirements are met, only one of which is now material: that "[t]he lot shall have not less than two hundred feet of frontage and shall contain not less than forty thousand square feet of land." The action challenges the constitutionality of that provision of the by-law as applied to the plaintiff's lot.

We think that this case is controlled in all materials aspects by the principle articulated in *Barney & Carey Co.* v. *Milton,* 324 Mass. 440, 445 (1949). See also *Gem Properties, Inc.* v. *Board of Appeals of Milton,* 341 Mass. 99, 105 (1960).

Although "[a] city or town is expressly empowered to adopt zoning ordinances or by-laws . . . to 'regulate . . . the size and width of lots,'" *Simon* v. *Needham,* 311 Mass. 560, 562 (1942), it is well settled in Massachusetts that "[i]f, after making every presumption in favor of a by-law, its imposition upon a given parcel of land 'has no real or substantial relation to the public safety, public health or public welfare,' it cannot be so applied." *Aronson* v. *Sharon,* 346 Mass. 598, 603 (1964), and cases cited.

In the instant case the Land Court ruled that "the minimum frontage requirement of 200 feet for a special permit for building of multiple units, as applied to the plaintiff's land, is valid." The judge noted that "the Town cites lack of public water and sewer systems and percolation difficulties as reasons for the frontage requirements [and] that a minimum lot frontage may tend to serve several aims designed to better the public good."

While it is arguable that a minimum frontage requirement may "tend to serve several aims designed to better the public good," the judge did not enumerate such aims. The judge relied on factors generally associated with minimum area requirements (i.e., water and sewage problems) to support a minimum frontage requirement, reasoning that requirements for both are "largely intertwined." We disagree.[1]

---

[1] Massachusetts case law supports the view that a rationale for minimum frontage requirements exists independently of reasons for minimum area requirements. See, e.g., *Howland* v. *Acting Superintendent of Bldgs. & Inspector of Bldgs. of Cambridge,* 328 Mass. 155, 159-160 (1951);

In making her ruling, the Land Court judge cited *Wilson* v. *Sherborn,* 3 Mass. App. Ct. 237 (1975), where, in a footnote, this court pointed out: "No separate issue is made of the frontage requirement by the judge or the parties. It was apparently assumed that this requirement stood or fell with the acreage requirement, and we treat the case on this footing." *Id.* at 237-238 n.1.

In the present case, however, the frontage requirement is raised as a separate and distinct issue from that of area requirements. In failing to acknowledge this, the Land Court also failed to resolve issues central to the instant case: (1) whether factors relating to area requirements provide adequate support for upholding strict compliance with a frontage requirement; and (2) whether "imposition of the zoning regulation in [this] instance has [any] real or substantial relation to the public safety, public health or public welfare." *Barney & Carey Co.* v. *Milton,* 324 Mass. at 445.

In *Gifford* v. *Planning Bd. of Nantucket,* 376 Mass. 801 (1978), the Supreme Judicial Court discussed frontage requirements as they related to subdivision control under G. L. c. 41, § 81M. In upholding a master's determinations that "[p]ractical vehicular access to the main or buildable parts of these lots was . . . inadequate" and that "[t]here was no more than a purely formal or technical compliance with the frontage requirement," *id.* at 804, the court concluded that "[i]f the purpose of a frontage requirement is to make certain each lot 'may be reached by the fire department, police department and other agencies charged with the responsibility of protecting the public peace, safety, and welfare' [citation omitted], then in the plan at bar frontage fails conspicuously to perform its intended purpose." *Id.* at 808.

In *Metzger* v. *Brentwood,* 117 N.H. 497 (1977), the New Hampshire Supreme Court noted that "[u]sually frontage requirements can be justified on the basis that they are a

*Dolan* v. *Board of Appeals of Chatham,* 359 Mass. 699, 700-701 (1971); *Spalke* v. *Board of Appeals of Plymouth,* 7 Mass. App. Ct. 683 (1979).

method of determining lot size to prevent overcrowding [or] . . . that there must be access for fire trucks, police cars, ambulances and school busses." *Id.* at 502. Although the plaintiffs in *Metzger* had only 123 feet of frontage on a public right of way rather than the 200 feet required by the local zoning ordinance, that court nonetheless concluded that "there is no substantial relationship between these needs and the 200-foot frontage requirement," *id.* at 502, because "vehicles would have as ready access to the plaintiffs' house with the 123-foot frontage as they would with 200 feet of frontage . . . ." *Id.*

Balancing the "injury or loss to the landowner against the gain to the public," *id.* at 501, the *Metzger* court found the 200-foot frontage requirement unconstitutional as applied to the plaintiff's property. *Id.* at 503. See also *Jenckes* v. *Building Commr. of Brookline*, 341 Mass. 162, 166 (1960) ("'imposition of the . . . regulation . . . has no real or substantial relation to the public safety, public health or public welfare'"). Compare *Maider* v. *Dover*, 1 Mass. App. Ct. 683, 688 (1974).

In *Barney & Carey Co.* v. *Milton*, 324 Mass. at 449, the Supreme Judicial Court found on the basis of "location, size and characteristics of the land, the nature and use of adjoining land and other land in the general vicinity,"[2] that a residential zoning by-law was invalid as applied to the plaintiff's lumberyard. While the facts of *Barney & Carey* are distinguishable from the present case, we think that the test of *Barney & Carey* is applicable here.

There was evidence that the location and character of the plaintiff's property made it well suited for building. The size of the parcel was more than adequate to meet the requirements of the zoning ordinance, and presumably the vast surplus of acreage would not only help to alleviate potential sewerage and water problems, but would enhance the property in that regard. The land had 190 feet of front-

---

[2] We note in passing that the Land Court judge ruled that even if adjoining properties were being used for nonresidential purposes, this fact would have had no bearing on the principal matter in dispute.

age — sufficient to provide for access and safety. Requiring strict compliance with the 200-foot frontage requirement would appear to "have no rational relation to any of the purposes which would justify the application of the by-law to the locus." *Barney & Carey Co.* v. *Milton,* 324 Mass. 440, 449 (1949), and cases cited. See *Metzger* v. *Brentwood, supra* at 502.

In *Jenckes* v. *Building Commr. of Brookline,* 341 Mass. 162, 166 (1960), the Supreme Judicial Court invalidated as applied to the plaintiff's lot an amendment to a zoning by-law prohibiting construction of a residence " 'because the lot is located on a private way less than forty feet wide open and dedicated to the use of the public before the enactment of the zoning enabling act.'" *Id.* at 163. Applying a balancing test, the court determined that "[t]he injury to the owner of this isolated lot is so harsh and substantial in comparison with the trivial public benefit, if any, from application of the amendment to the lot, as to make that application confiscatory and an invalid taking of the owner's property, not justified by the police power." *Id.* at 166. Contrast *Iddings* v. *Board of Appeals of Mansfield,* 356 Mass. 742, 743 (1970). Applying a similar balancing test in the instant case, it is reasonable to conclude, as did the New Hampshire Supreme Court in *Metzger,* that when "gain to the public is slight but the harm to the citizen and his property is great, the exercise of the police power becomes arbitrary and unreasonable." *Metzger, supra* at 503. We conclude here, as did the court in *Metzger,* that "the balance tips in favor of the private right." *Id.*

The decision of the Land Court is reversed, and a new decision is to be entered declaring the 200-foot frontage requirement invalid as applied to the plaintiff's lot.

*So ordered.*