LEWIS A. BARLOW & another[1] vs. CHONGRIS & SONS,
INC., & another.[2]

No. 94-P-383.

Suffolk. February 13, 1995. - March 27, 1995.

Present: KASS, SMITH, & IRELAND, JJ.

*Easement. Real Property,* Easement. *Sewer. Municipal Corporations,*
Sewers. *Way,* Private. *Statute,* Retroactive effect. *Words,* "Abut."

A driveway easement constituted a "private way" within the meaning of
G. L. c. 187, § 5 [299], and where the easement terminated on and
touched certain property, the property abutted the private way for pur-
poses of the statute [299]; further, the statute was applicable where the
rights in the easement were conveyed by the deed by which the servient
estate was conveyed [299].

The 1988 amendment to G. L. c. 187, § 5, extending the statute's reach to
include sewer service, was applicable retroactively. [300]

A judge of the Land Court properly concluded that the installation of
guard rails and the paving of a driveway easement did not overburden
the easement. [300]

CIVIL ACTION commenced in the Land Court Department
on October 29, 1992.

The case was heard by *Robert V. Cauchon,* J.

*Richard D. Maciolek* for the plaintiffs.

SMITH, J. The plaintiffs, Lewis A. Barlow and Barbara J.
Barlow, brought an action seeking a declaration that the de-
fendant Chongris & Sons, Inc. (Chongris), did not have any
right, with regard to a certain driveway easement located on
the plaintiffs' property, to install a sewer line, pave, or install
a guard rail. The plaintiffs also sought an order enjoining the
defendant town from issuing a permit for the installation of a
sewer line under the easement.

[1]Barbara J. Barlow.
[2]Town of Chelmsford.

The matter was heard by a Land Court judge, who made the following findings of fact. By deed dated September 23, 1983, Chongris conveyed to the plaintiffs title to property depicted as lot 14 on a certain subdivision plan. Lot 15 on the same plan was retained by Chongris and is located northerly of lot 14.

Chongris's deed to the plaintiffs reserves "to the grantors, its successors or assigns, a 15 foot driveway easement over lot 14 for the purpose of passing and repassing from Freeman Road to Lot 15 . . . ." Freeman Road is a private way that abuts Lot 14 but not Lot 15. The easement runs from Freeman Road along the westerly boundary of lot 14, then turns northerly to the southerly boundary of lot 15, which it abuts for a distance of thirty feet before ending. Chongris has obtained the necessary sewer permits from the town for the connection or tie-in of a sewer line, to be installed under the easement from lot 15 to the existing public sewer main located on Freeman Road.

The judge found that G. L. c. 187, § 5, as amended through St. 1988, c. 334, § 6, is applicable to lot 15. That statute states in relevant part:

> "The owner or owners of real estate abutting on a private way who have by deed existing rights of ingress and egress upon such way or other private ways shall have the right by implication to place, install or construct in, on, along, under and upon such private way or other private way . . . sewer service."

The judge found, considering the circumstances of this matter, that for the purposes of G. L. c. 187, § 5, the easement, being a fifteen-foot driveway, constituted a private way abutting lot 15 for thirty feet. Accordingly, the judge ruled that G. L. c. 187, § 5, was applicable and that the proposed sewer line may be installed in the easement, provided that, once installed, it did not unreasonably obstruct the easement and that the reasonable use thereof did not interfere with lot 14. The judge also ruled that paving the easement and installing

guard rails were reasonable and did not overburden the ease-
ment. Judgment entered in favor of Chongris and the town.

We reject the plaintiffs' first argument, that the driveway
easement is not a "private way" for purposes of G. L. c. 187,
§ 5. The words "easement" and "private way" are not mutu-
ally exclusive. The words "private way" include "defined
ways for travel, not laid out by public authority or dedicated
to public use, that are wholly the subject of private owner-
ship, either by reason of the ownership of the land upon
which they are laid out by the owner thereof *or by reason of
ownership of easements of way over land of another person*"
(emphasis added; citations omitted). *Opinion of the Justices*,
313 Mass. 779, 782-783 (1943). We agree with the judge
that for the purposes of G. L. c. 187, § 5, the easement in
this matter constituted a private way.

The plaintiffs next argue that Chongris is not the owner of
land "abutting on a private way," as required by the statute,
because it cannot be said that the Chongris's lot abuts the
driveway easement. "Abut" means, among other things,
"[t]o touch at the end; . . . terminate on; end at; . . . reach
or touch with an end." Black's Law Dictionary 11 (6th ed.
1990). Here, the private way or driveway terminates on and
touches Chongris's property, and the conclusion is ines-
capable that Chongris's lot abuts the driveway easement.

Because the rights were reserved, not granted, by Chongris
in its conveyance to the plaintiffs, the plaintiffs argue that
the defendant does not have any rights "by deed." "The only
three methods by which one can acquire the right to pass
over private land are: adverse user; grant; or act of public
authority." *Dolan* v. *Board of Appeals of Chatham*, 359
Mass. 699, 700-701 (1971). Here, Chongris did not acquire
the right to pass over the land of the plaintiffs by adverse use
or by act of public authority but by grant. The deed by
which the plaintiffs' land was conveyed to them conveyed to
the grantor an easement in the same land. Contrast *Cumbie*
v. *Goldsmith*, 387 Mass. 409, 410, 411 n.8 (1982) (plaintiffs
had a prescriptive easement to pass and repass over lane).

The plaintiffs further argue that, because G. L. c. 187, § 5, did not include any reference to sewer service at the time the deed reserving the driveway easement was signed, the later version of the statute should not be applied retroactively. The original statute created an implied easement for gas lines only and was amended in 1975 to add telephone and electrical service. The statute was amended again in 1988 to add sewer service. Regarding the 1975 version of the statute, the Supreme Judicial Court held that "the plain meaning of the words used by the Legislature evidences an intent to make G. L. c. 187, § 5, retroactive." *Nantucket Conservation Found., Inc.* v. *Russell Mgmt., Inc.*, 380 Mass. 212, 215 (1980). The exact reasoning the court used in that case applies here; the amendment extending the statute's reach to cover sewer service has retroactive effect.

Chapter 187, § 5, provides for the installation of sewer service, provided "such facilities do not unreasonably obstruct said private way . . . . " Improvements of an easement consistent with safety do not constitute an overburdening of the easement. *Glenn* v. *Poole*, 12 Mass. App. Ct. 292, 296 (1981). The installation of guard rails and the paving of the easement are required by the town for safe access along the easement. As the Land Court judge concluded, this requirement is reasonable and does not overburden the easement.

*Judgment affirmed.*