598

Rockingham
Nos. 99-524
2000-026

## JULEE SANDERSON, AS TRUSTEE OF CANDIA RANGEWAY REALTY TRUST

### v.

## TOWN OF CANDIA AND TOWN OF CANDIA PLANNING BOARD

## JULEE SANDERSON, AS TRUSTEE OF CANDIA RANGEWAY REALTY TRUST

### v.

## TOWN OF CANDIA AND TOWN OF CANDIA ZONING BOARD OF ADJUSTMENT

July 6, 2001

*Devine, Millimet & Branch, P.A.*, of Manchester (*Thomas Quarles, Jr.* and *Matthew R. Johnson* on the brief, and *Mr. Quarles* orally), for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*Barton L. Mayer* and *Lauren S. Irwin* on the brief, and *Mr. Mayer* orally), for the defendants.

DALIANIS, J. In these consolidated appeals, the plaintiff, Julee Sanderson, as Trustee of Candia Rangeway Realty Trust, appeals the decision of the Superior Court (*Coffey*, J.) affirming the decision of the Town of Candia Planning Board (planning board) to deny her application for a cluster subdivision. The plaintiff also appeals the decision of the Superior Court (*Abramson*, J.) affirming the decision of the Town of Candia Zoning Board of Adjustment (ZBA), which upheld the planning board's interpretation of a zoning ordinance. We affirm.

The following facts appear in the record and are not disputed by the parties on appeal. The plaintiff wishes to develop a cluster subdivision of thirty-four single-family homes in Candia on land with frontage on class VI highways, which are not maintained by either the town or the State. The town's zoning ordinance requires a cluster subdivision to have a minimum of 100-foot frontage on a town or State-maintained road. *See* RSA 674:41, I(a) (1996). In January 1999, the planning board denied the plaintiff's cluster subdivision application because, among other reasons, it did not have the required frontage. The plaintiff appealed this decision to the ZBA and to the superior court, both of which upheld the planning board's decision. The plaintiff then appealed the ZBA's decision to the superior court, which affirmed the ZBA's decision. These appeals followed.

"[W]hen reviewing the superior court's disposition of both appeals, we will uphold the trial court unless its decision is not supported by the evidence or is legally erroneous. We look to whether a reasonable person could have reached the same decision as the trial court based on the evidence before it." *Mt. Valley Mall Assocs. v. Municipality of Conway*, 144 N.H. 642, 647 (2000) (quotations and citations omitted). We review questions of law *de novo. See id.* at 648.

■ The plaintiff first argues that applying the zoning ordinance to her property violates both the Federal and State Constitutions because it results in a "taking." *See* N.H. CONST. pt. I, art. 12; U.S. CONST. amends. V, XIV. We first address the plaintiff's argument under our State Constitution, using federal law only as an aid in our analysis. *See State v. Ball*, 124 N.H. 226, 233 (1983). Because the Federal Constitution affords the plaintiff no greater protection than does the State Constitution, we do not undertake a separate federal analysis. *See Agins v. Tiburon*, 447 U.S. 255, 260 (1980); *Metzger v. Town of Brentwood*, 117 N.H. 497, 503 (1977).

■ "[A]rbitrary or unreasonable restrictions which substantially deprive the owner of the economically viable use of his land in order to benefit the public in some way constitute a taking within the meaning of our New Hampshire Constitution . . . ." *Burrows v. City of Keene*, 121 N.H. 590, 598 (1981) (quotation omitted). "[A zoning] ordinance is not confiscatory if it has a reasonable tendency to promote the public welfare and gives due regard, under all the facts and circumstances, to plaintiff's property rights." *Trottier v. City of Lebanon*, 117 N.H. 148, 151 (1977). "The extent to which a regulation 'has interfered with distinct investment-backed expectations' is a particularly relevant consideration in determining when a taking has occurred." *Claridge v. N.H. Wetlands Bd.*, 125 N.H. 745, 750-51 (1984) (quoting *Penn Central Transp. Co. v. New York City*, 438 U.S. 104, 124 (1978)).

■ The zoning ordinance at issue requires frontage on a class V highway or better. "The evident purpose of [the frontage] requirement is to insure that a dwelling may be reached by the fire department, police department, and other agencies charged with the responsibility of protecting the public peace, safety and welfare." *Trottier*, 117 N.H. at 150 (quotation omitted). The ordinance thus advances a legitimate public purpose.

■ The plaintiff purchased the property knowing both of the

ordinance's frontage requirements and that the property lacked the required frontage. Thus, she purchased the hardship of which she now complains. Under these circumstances, the plaintiff had "few, if any, legitimate investment-backed expectations of development rights which rise to the level of constitutionally protected property rights," *Claridge*, 125 N.H. at 751, and applying the ordinance to her land did not constitute a taking. *See Trottier*, 117 N.H. at 151. As we explained in *Claridge*, 125 N.H. at 751, "The [government] cannot be guarantor, via inverse and [*sic*] condemnation proceedings, of the investment risks which people choose to take in the face of statutory or regulatory impediments."

Cases interpreting the federal Takings Clause are in accord. *See Dodd v. Hood River County*, 136 F.3d 1219, 1230 (9th Cir. 1998) (married couple had no reasonable investment-backed expectation that they could build retirement home upon timber property, in light of laws when land purchased); *cf. Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1027 (1992) (no taking if "the logically antecedent inquiry into the nature of the owner's estate shows that the proscribed use interests were not part of his title to begin with"). "Generally, when an owner buys property with knowledge of restrictions upon the development of that property, he assumes the risk of any economic loss. The market has already discounted for the restraint." *Atlas Enterprises Ltd. Partnership v. United States*, 32 Fed. Cl. 704, 708 (1995). Thus, "[a] party may not undertake a calculated business risk and then seek reimbursement from the Government when the party's gamble does not result in its favor." *Id.*

In support of her argument, the plaintiff relies principally upon *Metzger*, 117 N.H. at 503, in which we held that a zoning ordinance requiring 200 feet of frontage on a "public right of way" was unconstitutional as applied to land having 123 feet on a qualifying road. We ruled that when applied to this land, the ordinance was unnecessary to accomplish a legitimate public purpose. *Id. Metzger* is distinguishable from this case. The plaintiff seeks to develop a cluster subdivision, not a single home, and while the plaintiffs in *Metzger* had 123 feet of frontage on a qualifying road, the plaintiff here has no frontage on a qualifying road.

The plaintiff next argues that the planning board's decision was void because one of its members exhibited bias when he came to the January 1999 planning board meeting with a document entitled "Reasons to Deny Libbee Road Cluster Subdivision." We need not

reach this issue because the plaintiff failed to raise it before the planning board.

"We require issues to be raised at the earliest possible time, because trial forums should have a full opportunity to come to sound conclusions and to correct errors in the first instance." *Sklar Realty v. Town of Merrimack,* 125 N.H. 321, 328 (1984) (citation omitted). Although "[i]nterested parties are entitled to object to any error they perceive in governmental proceedings, . . . they are not entitled to take later advantage of error they could have discovered or chose to ignore at the very moment when it could have been corrected." *Appeal of Cheney,* 130 N.H. 589, 594 (1988). Here, the plaintiff's agent heard the planning board member refer to the document and observed the planning board copy and discuss it, but, as the plaintiff concedes in her brief, failed to object to this conduct. She may not now predicate error upon an issue she failed to bring to the planning board's attention. *See Star Vector Corp. v. Town of Windham,* 146 N.H. 490, 494 (2001); *cf. Appeal of Cheney,* 130 N.H. at 594 (plaintiff barred from predicating error upon objection she never made at council hearing).

■ The plaintiff next asserts that the superior court erroneously ruled upon her planning board appeal without first affording her a hearing. The plaintiff argues that such a hearing was required by RSA 677:15, III (Supp. 2000). RSA 677:15, III governs review of planning board decisions and provides, in pertinent part: "If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence . . . ." Although it refers to a hearing, RSA 677:15, III does not require the court to conduct one to determine if additional evidence is necessary.

■ The plaintiff also argues that the superior court should have permitted her to conduct discovery and introduce additional evidence in both her planning board and ZBA appeals. It is the trial "court's prerogative to determine whether admission of further evidence would advance justice or judicial economy." *Mt. Valley Mall Assocs.,* 144 N.H. at 656 (quotation omitted). "The trial court is in the best position to determine the sufficiency of the record before it . . . ." *Id.* We review the trial court's decision for an abuse of discretion, and find no abuse of discretion here. *See Peter Christian's v. Town of Hanover,* 132 N.H. 677, 683-84 (1990).

We need not address the plaintiff's remaining arguments because they were either not properly raised below and preserved for

appeal, or they are meritless and warrant no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DUGGAN, JJ., concurred.

ON THE PLAINTIFF'S MOTION FOR RECONSIDERATION. After the foregoing opinion was issued the plaintiff moved for reconsideration. The court upon January 8, 2002, made the following order:

In her motion for reconsideration, the plaintiff contends, among other things, that we denied her takings claim "solely because the Trust purchased the property knowing the frontage requirements in the Candia Zoning Ordinance." We disagree. We considered that factor significant, but not dispositive. As our opinion notes, among the other factors considered was the purpose of the zoning ordinance at issue. To the extent necessary, we hereby reaffirm that after consideration of all relevant factors, we conclude that application of the zoning ordinance to the plaintiff's property did not violate the Federal or State Constitutions. *Cf. Palazzolo v. Rhode Island*, 121 S. Ct. 2448, 2465-67 (2001) (O'Connor, J., concurring).

Appellant's motion for reconsideration is denied.

BROCK, C.J., and BRODERICK, NADEAU, DALIANIS and DUGGAN, JJ., concurred.