**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0600, <u>Dahn Tibbett v. City of Dover</u>, the court on October 15, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Dahn Tibbett, appeals the order of the Superior Court (<u>Will</u>, J.) affirming the decision of the planning board (board) for the defendant, the City of Dover, approving the subdivision application filed by Jahn and Susan Janetos, predecessors in interest to the intervenor, Chinburg Development, LLC. The plaintiff argues that the superior court erred in: (1) ruling that the RSA 674:41 (2016) access issue is not preserved for review; (2) disregarding the impact of the abutting subdivision development; and (3) not requiring the defendant to arrange for an independent review of the wetland delineation. We affirm.

The plaintiff first argues that the superior court erred in ruling that the RSA 674:41 access issue was not preserved for review. The plaintiff may not predicate error upon an issue that he failed to bring to the board's attention. <u>Sanderson v. Town of Candia</u>, 146 N.H. 598, 602 (2001). The plaintiff asserts that the issue was brought to the board's attention by another abutter in an email submitted for the board's consideration at its September 27, 2022 hearing on the application.

However, after it was determined that the abutter notice for the September 27, 2022 hearing was defective, the board scheduled a hearing on the application for November 8, 2022. At the November 8, 2022 hearing, the city planning director explained that the new hearing was a "do over" of the prior application, and that the board "should treat this [application] as a new request." At the November 8, 2022 hearing, neither the plaintiff nor the other abutter mentioned RSA 674:41 or the issue of access to the parcels. Accordingly, we agree with the superior court that, because the plaintiff did not bring the issue to the board's attention at the November 8, 2022 hearing, the issue was not preserved. <u>See</u> <u>id</u>.

We have reviewed the plaintiff's remaining issues. As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v.</u> <u>Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the superior court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and

the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**