ASSOCIATION GROUP LIFE, INC., A CORPORATION, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT, v. CATHOLIC WAR VETERANS OF THE UNITED STATES OF AMERICA, A CORPORATION, *ET AL.*, DEFENDANTS-APPELLANTS AND CROSS-RESPONDENTS.

Argued March 20, 1972—Decided July 19, 1972.

*Mr. John J. Monigan, Jr.* argued the cause for the appellant North American Life and Casualty Company (*Messrs. Stryker, Tams and Dill,* attorneys).

*Mr. William M. Feinberg* argued the cause for the appellant Catholic War Veterans of the United States of America (*Messrs. Feinberg, Dee and Feinberg,* attorneys).

*Mr. James J. Shrager* argued the cause for the respondent (*Messrs. Hannoch, Weisman, Stern and Besser,* attorneys).

The opinion of the Court was delivered

PER CURIAM. Plaintiff, Association Group Life, Inc. (AGL), designed a group life insurance plan for defendant Catholic War Veterans of the United States of America (CWV). Pursuant to an agreement with CWV, AGL was provided membership lists and allowed to solicit policies from CWV's members, which it did. Defendant North American Life and Casualty Co. (NAL) was the underwriter of the group plan of insurance and entered into a contract with the plaintiff whereby it recognized AGL as broker and agreed to pay AGL administration fees and brokerage commissions. CWV allegedly became dissatisfied with the program and after three years severed its relationship with AGL and began to administer the plan itself. As a result of the severance NAL ceased to recognize AGL as the broker and administrator of the plan and ceased payment to AGL of fees and commissions.

AGL brought this action against CWV and NAL for breach of contract and tortious interference with economic advantage. The trial court dismissed the contract claims at the end of plaintiff's proofs and dismissed the tort actions at the close of all the evidence.

On plaintiff's appeal the Appellate Division, one judge dissenting, held that although the trial court was correct in dismissing the contract action against NAL, the contract action against CWV and the tort actions against both defendants should have been submitted to the jury. 120 *N. J. Super.* 85 (App. Div. 1971). The dissent agreed with the trial court that all plaintiff's claims should have been dismissed. *Id.* at 101. Both defendants appealed to this Court

as of right. *R.* 2 :2–1(a)(2). Plaintiff cross-appealed that part of the Appellate Division judgment affirming the trial court's dismissal of the contract action against NAL.

We adopt the facts as set forth by the Appellate Division and affirm its judgment in all respects for the reasons stated in the majority opinion, except that part which upheld the dismissal of the plaintiff's contract claim against NAL.

██ The contract between AGL and NAL contained the following provision in Article V:

> In the event a new agent of record or administrator shall be appointed or recognized by the Association [CWV], thereafter the Company [NAL] shall have no further obligations to pay commissions and/or expenses to the Broker and Administrator [AGL] . . . . .

CWV informed NAL that it wished to self-administer the program and that AGL's services as agent were terminated. Internal correspondence within the NAL corporate organization, introduced in evidence by the plaintiff, shows that to comply with Article V NAL suggested that CWV recognize NAL's Newark office manager as agent of record. CWV did so. The office manager was not to be compensated and was not expected to perform any services. Rather, as the internal correspondence stated, "Actual commissions and expense allowances [were to be] paid to the Catholic War Veteran's organization."

We agree with the Appellate Division's holding that NAL did not literally violate Article V in taking the above action. However, we are convinced a jury could find that NAL breached its covenant of good faith which is implied in all contracts. *Palisades Properties, Inc. v. Brunetti,* 44 *N. J.* 117, 130 (1965). In every contract there is an implied covenant that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract; in other words, in every contract there exists an implied covenant of good faith and fair dealing." 5 *Williston on Contracts* § 670, 159–160 (3d ed. 1961) ; *Palisades, supra* at 130. In

this respect we note that NAL's giving to CWV the same payment AGL formerly received as fees and commissions was labeled administration expenses. It is clear from the internal correspondence that this tactic was used because *N. J. S. A.* 17:22–6.2, 6.18 and 6.20 prohibit non-licensed insurance brokers such as CWV from receiving brokerage commissions. We think a jury could conclude that NAL's act of allowing CWV to administer the program itself and to receive commissions (disguised as administration expenses) by arranging for CWV's recognition of one of NAL's own employees as the nominal broker of record was not contemplated by the spirit of the contract and fell short of fair dealing.

We do not pass upon the question whether one defendant whom the jury has concluded did not breach its contract with the plaintiff could be found to have tortiously interfered with the performance of the contract between the plaintiff and the other defendant. This issue was neither briefed nor argued before us.

The judgment of the Appellate Division is modified in accordance with this opinion and the case is remanded to the trial court.

*For modification and remand*—Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—6.

*Opposed*—None.