**RIVEREDGE ASSOCIATES, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 90–2213.**

United States District Court,
D. New Jersey.

Oct. 2, 1991.

The Court need not address this line of argument.

Richard D. Wilkerson, Lowenstein, Sandler, Kohl, Fisher & Boylan, Roseland, N.J., for plaintiff.

Ronald H. Wilcomes, Ronald M. Sturtz and Hannoch Weisman, Roseland, N.J., for defendant.

## OPINION

WOLIN, District Judge.

Before the Court is Riveredge Associates' ("Riveredge's") motion to dismiss Metropolitan Life Insurance Co.'s ("Metropolitan's") counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted, or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the Court will deny plaintiff's motion. Also before the Court is Metropolitan's motion to compel discovery and for sanctions. That motion will be granted as to compelling discovery, but denied as to sanctions.

## DISCUSSION

Riveredge borrowed $11.5 million from Metropolitan in February 1984 to purchase real estate. The loan was secured by a Note and a Mortgage on the property. On the day the loan closed, Riveredge Plaza Associates ("Plaza"), a general partnership,

was created by Riveredge and Metropolitan. Pursuant to the Partnership Agreement, Riveredge conveyed the real estate to Plaza, subject to the Note and Mortgage. Metropolitan owns a 70% interest in the partnership, and Riveredge owns a 30% interest. Riveredge commenced this action in state court on May 2, 1990, alleging that Metropolitan had breached a fiduciary obligation, and had breached the Partnership Agreement, by refusing to allow prepayment of the loan from Metropolitan to Plaza. Metropolitan removed the action to this Court.

Both parties moved for summary judgment on the issue of Metropolitan's duty to allow prepayment of the loan. In an Opinion dated January 16, 1991, this Court denied Riveredge's motion and granted Metropolitan's motion. 774 F.Supp. 892. The Court found that as a matter of law, Metropolitan was under no obligation, fiduciary or contractual, to allow Plaza to prepay the $11.5 million loan. Riveredge's motion for reconsideration was denied in a letter opinion dated April 2, 1991.

In its answer to Riveredge's complaint, Metropolitan asserted the counterclaim that is the subject of this motion. The counterclaim alleges that Riveredge, by commencing and maintaining a lawsuit based on its bad faith interpretation of the partnership agreement, mortgage and note, breached the implied covenants of good faith and fair dealing contained in those agreements. Riveredge now moves to dismiss this action.

## DISCUSSION

1. *Failure to State a Claim*

 On motion to dismiss under Rule 12(b)(6), the Court must accept as true all allegations in the complaint, and provide the plaintiff with the benefit of all inferences that fairly may be drawn from the complaint. *Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir.1989). The complaint cannot be dismissed unless the court is certain that no set of facts can be proved that would entitle plaintiff to relief. *Id.; Conley v.*

*Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

a. The Cause of Action

Metropolitan's theory of its counterclaim is straightforward. It alleges that Riveredge instituted an action against Metropolitan in bad faith, based on interpretations of the Mortgage, Note, and Partnership Agreement that it knew were clearly contradicted by the express language of those agreements. Metropolitan further alleges that this conduct constituted a breach by Riveredge of the implied-in-law covenant of good faith and fair dealing contained in those agreements. Last, Metropolitan alleges that its damages consist of the costs, including legal fees, of defending against this bad faith legal action. Riveredge contends that no such cause of action exists, and that Metropolitan's counterclaim must therefore be dismissed.

 In support of its counterclaim, Metropolitan relies primarily on the comments to § 205 of the Restatement (Second) of Contracts, and *Association Group Life, Inc. v. Catholic War Veterans of the United States of America*, 61 N.J. 150, 293 A.2d 382 (1972). Section 205 provides that "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Restatement (Second) of Contracts* § 205 (1981) *("Restatement")*. New Jersey has recognized this implied covenant since at least 1965. *Palisades Properties, Inc. v. Brunetti*, 44 N.J. 117, 130, 207 A.2d 522 (1965). This covenant requires that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* at 130, 207 A.2d 522 (quotation omitted); *see Restatement* § 205 comment a (good faith requires adherence to the agreed purpose of the contract and "consistency with the justified expectations of the other party").

Most relevant to this cause of action is comment e to *Restatement* § 205, entitled "Good faith in enforcement." Comment e states that the covenant of good faith extends to the "assertion, settlement and litigation of contract claims and defenses."

*Restatement* § 205 comment e. According to comment e, the covenant is breached by "conduct such as conjuring up a pretended dispute, [or] asserting an interpretation [of the contract] contrary to one's own understanding." *Id.*

Consistent with comment e is the New Jersey Supreme Court's decision in *Catholic War Veterans*. In that decision the court found that the covenant could be breached even when the defendant's acts "did not literally violate" the agreement in issue. 61 N.J. at 153, 293 A.2d 382. It held that a cause of action could be maintained if a jury could rationally find that a party to the contract engaged in behavior "not contemplated by the spirit of the contract and [that] fell short of fair dealing." *Id.* at 154, 293 A.2d 382.

■ Under the standards dictated by New Jersey case law and *Restatement* § 205 and comments thereto (which the Court predicts New Jersey courts would adopt), Metropolitan alleges facts sufficient to state a claim. Metropolitan's allegation that Riveredge instituted its action with knowledge that it was not entitled under the agreements to the relief it sought, if true, would constitute lack of good faith in the performance and enforcement of the agreements. Metropolitan's further allegation that Riveredge's legal counsel provided a legal opinion to Metropolitan in which counsel opined that the agreements were enforceable as written, if true, would constitute evidence that Riveredge's actions were taken with knowledge of the contents of the agreements, and would support a finding of lack of good faith.

■ Riveredge contends that "Metropolitan cannot, as a matter of law, use the filing of a non-frivolous lawsuit as a basis for a claim of breach of an implied contractual provision." (Pltf. Brief at 13) It argues that unless its claims were "frivolous" under Federal Rule of Civil Procedure 11, Metropolitan cannot recover damages based on its defense against Riveredge's lawsuit.

The Court agrees that Riveredge's action was not "frivolous" as that term has been defined under Rule 11. *See Napier v.*

*Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1090–91 (3d Cir. 1988) (to be frivolous there must be no legal basis for suit, and no argument "advocating a good faith extension or modification of current law"); *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir.1990) ("to constitute a frivolous legal position for purposes of Rule 11 sanction, it must be clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands"). The Court disagrees, however, with Riveredge's position that its action must violate Rule 11 before Metropolitan may seek damages for having to defend against that suit. The policy and purposes behind Rule 11 are very different from those implicated by Metropolitan's counterclaim. Rule 11 was designed to protect parties and courts from frivolous lawsuits. *Napier*, 855 F.2d at 1092. It does not confer a "right" on parties to collect damages, but has been limited in its application to "exceptional circumstances." *Morristown Daily Record v. Graphic Communications Union, Local 8N*, 832 F.2d 31, 32 n. 1 (3d Cir.1987). Metropolitan's counterclaim, however, is a simple breach of contract claim brought under state law to enforce contractual rights.

■ Under New Jersey law, a legal position asserted in bad faith may constitute a breach of contract even when that legal position, far from being frivolous, is actually supported by the express language of the contract. The New Jersey Supreme Court allowed such an action to be maintained in *Catholic War Veterans*, despite that the conduct in issue was in compliance with the literal terms of the agreement. This Court believes that a cause of action for breach of the implied covenant of good faith and fair dealing can be maintained under New Jersey law based on allegations that a party has "assert[ed] an interpretation [of the contract] contrary to [its] own understanding" of the express terms of that contract. *Restatement* § 205 comment e. That is what Metropolitan has alleged.

Riveredge repeatedly argues in its briefs that to allow this cause of action to go forward would punish parties for asserting their legal rights and for failing to accurately predict the outcome of a lawsuit initiated by them. Riveredge assumes both too much and too little with this argument. It assumes too much in that it assumes a party *has* an absolute legal right to be free from lawsuits based on its assertion in bad faith of a legal position that, though not frivolous, violates the spirit of an agreement. No such right exists under New Jersey law.

Riverside assumes too little in that it fails to appreciate the liberal standard under which Metropolitan's complaint must be construed on this motion. Riveredge contends that it did not act in bad faith when it commenced its action against Metropolitan. On this motion, however, the Court must take as true the allegations in the complaint. Should it turn out that no evidence is produced during discovery to support Metropolitan's claim that the complaint was lodged despite Riveredge's own contrary understanding of its obligations under the agreements, then summary judgment may be in order.

To allow Metropolitan to attempt to prove its claims no more punishes Riveredge for its inability to predict the outcome of its suit than does the common law recognition of a cause of action for malicious prosecution or abuse of process. In either case, liability, if any, flows not from the party's lack of foresight, but rather from its wrongful conduct. If Riveredge filed its complaint in good faith, then it need not fear "punishment." The issue of lack of good faith, however, cannot be resolved on a motion to dismiss for failure to state a claim.

■ Riveredge's argument that allowing this action to go forward would somehow deprive it of its "basic right to seek redress in the courts" is without support in the law. There exists no more of a "basic right" to be free of breach of implied covenant of good faith actions than there is any right to be free of malicious prosecution suits. Riveredge's citations to cases recognizing anti-trust immunity under the *Noerr–Pennington* doctrine are inapposite. That doctrine recognizes immunity from antitrust liability for individuals who seek to influence governmental action. *Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U.S. 492, 108 S.Ct. 1931, 1936, 100 L.Ed.2d 497 (1988). It does not in any way recognize a constitutional right to be free from suit based on the wrongful prosecution of lawsuits. Even *Noerr–Pennington* immunity, moreover, does not extend to behavior that constitutes an abuse of the judicial process. *Id.* at 1937.

Riveredge's further citations to cases in which courts recognize a quasi-constitutional right of access to seek redress for deprivations of constitutional rights are also inapposite. Those cases deal with the basic right to assert constitutional claims in the first instance. They in no way deal with the issue of immunity from later suit based on the filing of the initial action.

Riveredge has not been deprived of its right to seek enforcement of its private contractual rights. It filed its action, which was subsequently dismissed on the merits. Metropolitan now claims that that action was brought in bad faith. New Jersey case law supports the cause of action. Metropolitan is entitled, just as Riveredge was, to seek enforcement of *its* contractual rights. Therefore, the motion to dismiss for failure to state a claim must be denied.

b. Damages

■ Riveredge additionally argues that the measure of damages sought by Metropolitan—its legal costs, including attorneys' fees—is improper and unwarranted by the law. It argues that unless conduct violative of Rule 11 is implicated, the allowance of attorneys' fees would contravene the "american rule" that each party bear its own costs of litigation.

The Court disagrees. As Metropolitan points out, attorneys fees are a proper element of damages when the right violated is the right to be free from suit. That is the prevailing rule in malicious prosecution cases and in contract actions in which a covenant not to sue has been agreed to.

See *Mayflower Industries v. Thor Corp.*, 15 N.J.Super. 139, 175, 83 A.2d 246 (Ch. Div.1951) (malicious prosecution); *Anchor Motor Freight, Inc. v. Int'l Bhd. of Teamsters*, 700 F.2d 1067, 1072 (6th Cir.1983). Metropolitan alleges that the implied covenant of good faith and fair dealing entitled it to be free of suits brought by Riveredge in bad faith. The Court has already determined this to be a valid cause of action. Riveredge's attempt to draw a distinction between implied rights and express rights is unpersuasive. Implied contractual rights are just as enforceable as express contractual rights. An implied right to be free from suit therefore stands on the same legal footing as a similar express right contained in a covenant not to sue.

Metropolitan asserts that the logical measure of damages for such a breach is its costs of defending against the allegedly wrongful suit. Although no decisional authority is directly on point, the Court agrees with Metropolitan's position. *Restatement* § 205 comment a states that "the appropriate remedy for a breach of the duty of good faith ... varies with the circumstances." Under these circumstances, the Court believes that attorneys' fees and other costs of defending against a wrongful action are the proper measure of damages. If the covenant breached is a promise not to file suit in bad faith, then the logical measure of damages is the direct consequence of breach of that right: the costs of defending the wrongful suit.

Riveredge's primary argument against allowing attorneys' fees as a measure of damages in this case is that it would violate the "american rule." The "american rule" is not a constitutional right. Riveredge's repeated quotation from *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), that federal courts "are not free to fashion drastic new rules with respect to the allowance of attorneys' fees to the prevailing party in federal litigation," *id.* at 269, 95 S.Ct. at 1627, is inapposite. First, this Court is not "fashioning" any "drastic new rule", but is merely applying what it predicts is the law of New Jersey, as it must in this diversity action. Second, this is not "federal" litigation in the sense referred to in *Alyeska*, which implicated federal statutory rights, but is merely a diversity action concerning issues solely of state law.

Another argument halfheartedly asserted by Riveredge is that Metropolitan cannot seek punitive damages on its breach of contract claim. Though Riveredge concedes that New Jersey law clearly allows for the award of punitive damages in a contract action under circumstances that constitute egregious behavior, it contends that there are "no conceivable set of facts" that could be imagined in this case that would warrant the award of punitive damages. The Court need not attempt to catalog facts that would warrant the imposition of punitive damages in this case. It is sufficient, for purposes of this motion to dismiss, that Metropolitan has alleged that Riveredge willfully and deliberately breached its agreement with Metropolitan. If supported at trial by evidence of an egregious nature, that allegation would merit sending the issue to the jury for its determination.

### 2. *Summary Judgment*

Riveredge's motion for summary judgment must be denied because little or no discovery has yet taken place with respect to Metropolitan's counterclaim, and Metropolitan has asserted that discovery is necessary at least as to the issue of Riveredge's knowledge, intentions and lack of good faith. Fed.R.Civ.P. 56(f).

### 3. *Motion to Compel Discovery*

Riveredge has not answered discovery requests made by Metropolitan. Its principal reason for not doing so was its belief that its motion to dismiss was meritorious, and that it should therefore not be required to needlessly comply with the requests prior to disposition of the motion. As Riveredge's view of its motion to dismiss was overly optimistic, Metropolitan's motion to compel will be granted.

There apparently is some disagreement between the parties over the relevance of some of Metropolitan's discovery requests,

which were propounded before Riveredge's complaint was dismissed on motion for summary judgment. The parties should attempt to agree between them as to which of Metropolitan's requests are still germane to the counterclaim. If the parties cannot agree, a new discovery motion should be made to Magistrate Judge Haneke.

■ Metropolitan has also moved for sanctions in connection with Riveredge's failure to comply with the discovery requests. Riveredge's position that the motion to dismiss should be resolved before discovery occurs was not unreasonable. The decision not to comply with the requests was undertaken in good faith and does not warrant the imposition of sanctions. Therefore, Metropolitan's motion for sanctions will be denied.

## CONCLUSION

For the preceding reasons, Riveredge's motion to dismiss for failure to state a claim will be denied. Its alternative motion for summary judgment will also be denied. Metropolitan's motion to compel discovery will be granted. Metropolitan's motion for sanctions will be denied.