278 N.J. Super. 346 (1994)
651 A.2d 101
M.T., PLAINTIFF-RESPONDENT,
v.
KENTWOOD CONSTRUCTION COMPANY, DEFENDANT-APPELLANT, AND NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 20, 1994.
Decided December 14, 1994.
*348 Before Judges MICHELS, KEEFE and HUMPHREYS.
Mark A. Rothberg argued the cause for appellant (Wilf & Silverman, attorneys; Mr. Rothberg of counsel and on the brief).
Lindsay B.C. Lutz argued the cause for respondent M.T. (Ocean-Monmouth Legal Services, Inc., attorneys; Ms. Lutz of counsel and on the brief).
Deborah T. Poritz, Attorney General of New Jersey, attorney for respondent New Jersey Department of Community Affairs (Debbie J. Thompson, Deputy Attorney General, on the brief).
The opinion of the court was delivered by HUMPHREYS, J.S.C. (temporarily assigned).
Plaintiff is an eighty-nine year old woman who has been a tenant in the defendant Kentwood Construction Company's ("Kentwood") apartment house complex since 1989. She was found eligible for federal housing assistance under a Section 8 rental subsidy program. See 42 U.S.C.A. section 1437f. A condition for such assistance is that the landlord contract with the New Jersey Department of Community Affairs ("DCA") by executing either a DCA form lease or a DCA addendum to the existing lease.
Kentwood stated that it would accept Section 8 rental payments on behalf of plaintiff but it would not sign the requisite documents. The trial court ruled that unless and until Kentwood signed the documents, plaintiff need only pay the portion of the rent not covered by the federal subsidies and Kentwood would be prohibited from evicting plaintiff for non-payment of rent.
Kentwood appeals contending that a landlord is not required to enter into a Section 8 program and that it would not be "strong-armed" *349 into signing the documents. We agree with the trial court's ruling and affirm for the following reasons.

I
The facts are essentially not in dispute. Kentwood concedes that plaintiff pays her rent in a timely fashion and is a good tenant. Kentwood accepts Section 8 rent subsidies from other tenants and has signed the requisite documents in those cases. Kentwood will honor its obligations in those cases but will not voluntarily enter into new Section 8 contracts.
The purpose of the Section 8 federal program is to aid low income families "in obtaining a decent place to live and of promoting economically mixed housing." 42 U.S.C.A. Section 1437f(a). The federal statutes do not require landlord participation in the program. Thus, a prospective tenant deemed eligible for Section 8 assistance has no claim of entitlement and the landlord for a non-discriminatory and lawful reason may reject that person as a tenant. See Hill v. Group Three Housing Development Corp., 799 F.2d 385 (8th Cir.1986).
Here, however, the plaintiff is an existing tenant of Kentwood pursuant to a written lease. She wishes to take advantage of a federal program to assist her in paying the rent. The landlord's refusal to sign the documents prevents her from obtaining that federal assistance for which she is eligible and clearly in need. The landlord is accepting other Section 8 money and has signed the documents which permit that money to be obtained. The landlord has not presented any persuasive reasons why signing the documents in plaintiff's case would cause it any undue hardship or burden.
Kentwood's conduct is clearly wrong on any of a number of grounds. Under similar facts, the court in Glover v. Crestwood Lake Section I Holding Corp., 746 F. Supp. 301, 309 (S.D.N.Y. 1990), concluded that the landlord's refusal to accept certain provisions of a Section 8 lease could not be "interpreted as anything but a refusal to rent an apartment to a Section 8 voucher *350 holder applicant as a result of that applicant's status as a Section 8 voucher holder." The court held that since the landlord had previously entered into contracts for housing assistance payments on behalf of other Section 8 tenants, the landlord's action violated the anti-discrimination provision in the federal statute, 42 U.S.C.A. Section 1437f(t). Ibid.
Furthermore, Kentwood's conduct runs counter to the letter and spirit of N.J.S.A. 2A:42-100 which prohibits the refusal "to rent or lease any house or apartment to another person because of the source of any lawful income received by the person or the source of any lawful rent payment to be paid for the house or apartment."
In addition, Kentwood has certain contractual obligations to its tenant. In every contract there is an implied covenant of good faith whereby "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Association Group Life, Inc. v. Catholic War Vets. of U.S., 61 N.J. 150, 153, 293 A.2d 382 (1972). Kentwood's conduct would injure without valid right or excuse plaintiff's ability to obtain needed federal assistance and thereby continue her tenancy. Kentwood thereby breached its implied covenant of good faith.
No matter how viewed, Kentwood's conduct is unfair and unjust and should not be upheld. The court's decision below is fair and sensible. The judgment is affirmed.